UNITED STATES

v.

**Airman First Class Francisco GON-ZALES, Jr., FR 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 United States Air Force.**

**ACM S26571.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Sept. 1984.

Decided 5 Feb. 1985.

Appellate Counsel for the Accused: Colonel Leo L. Sergi.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Colonel Andrew J. Adams, Jr.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

PER CURIAM:

Pursuant to mixed pleas, appellant stands convicted of violation of a general regulation, possession of marijuana, use of marijuana and cocaine, solicitation to possess marijuana, and solicitation to possess and distribute cocaine. He has submitted three assignments of error for our consideration. We grant partial relief and affirm.

Appellant was charged with violating Air Force Regulation 30-2, Social Actions Program (22 June 1981), paragraph 3-18b, by

wrongfully failing to report a known or suspected incident of illegal drug abuse, in violation of Article 92(1), U.C.M.J., 10 U.S.C. § 892(1). Appellate defense counsel aver that AFR 30–2, para. 3–18b, is nonpunitive. Appellate government counsel properly concede the nonpunitive nature of the paragraph.

■ AFR 30–2, para. 3–18b, does impose a lawful duty to report known or suspected drug abuse. *United States v. Heyward,* 17 M.J. 942 (A.F.C.M.R.), *pet. granted,* 19 M.J. 29 (1984). However, para. 3–18b is contained in Section C, which is entitled, *Responsibilities Assigned.* It is Section B, *Prohibitions, Penalties, And Controls On Drugs,* which contains the punitive proscriptions. Thus, the offense is not properly chargeable under Article 92(1). The proper charge is dereliction of duty in violation of Article 92(3). *See United States v. Heyward, supra.*

■ Appellant also avers that the evidence is insufficient to support the findings of guilty of the two specifications alleging solicitation. We agree.

Specification 2, Charge II, alleges that appellant solicited an undercover agent to possess marijuana. The agent's testimony was less than clear on the issue of when the appellant offered to help her obtain marijuana. She testified that it was after appellant disclosed his drug involvement that she asked for his help in obtaining marijuana. However, after appellant approached her to say "hello," the agent told appellant that because she was new, she did not know where or with whom to "party." She explained the use of the word "party" as follows:

> I used the term, party, because it can either be used or viewed by a person ... as meaning party, like dancing, or alcohol, or it can be used to mean party, such as using illegal drugs, and I frequently used that term because people who are knowledgeable in the drug culture will

usually take it to mean drugs, and that starts them on the conversation of drugs.

After she stated her "plight," appellant responded by informing the agent that if the friend he was looking for had been there in the recreation center she could have bought some marijuana from him. He then said that he had a civilian friend from whom he would arrange for the agent to purchase marijuana. As mentioned, the agent's testimony was not really clear whether appellant offered to arrange the purchase before or after she explicitly asked for his assistance. However, that is not crucial to our disposition.

■ The essence of solicitation is the invitation to engage in criminal conduct. *See United States v. American Airlines,* 570 F.Supp. 654, 660–663 (N.D.Tex.1983), *rev. on other grounds,* 743 F.2d 1114 (5th Cir.1984). Considering the agent's opening remark to appellant as set forth above, we view appellant's response as more of an accommodation than a solicitation. As such, the evidence is insufficient to sustain the findings.[1]

As for specification 6, Charge II, which also alleges solicitation, the evidence is clear that the effort at purchasing cocaine was a mutual venture among all involved. In fact, Amn O, a small scale supplier, had informed all parties involved to meet at Amn V's apartment for the purpose of pooling funds for a purchase of cocaine. Under these circumstances, appellant could hardly have solicited O and the agent. Thus, the proof here is also deficient.[2]

■ The *Care* inquiry, *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), and the stipulation of fact, reflect that, on each occasion appellant used marijuana, he had a quantity left over which he retained. Therefore, the possession and use offenses are not multiplicious. *See United States v. Bullington,* 18 M.J. 164 (C.M.A.1984).

---

1. Our disposition of this specification should not in any way be viewed as critical of the agent's technique, for it is well founded in order to preclude a claim of entrapment.

2. The drafter of the charges apparently confused aiding and abetting for solicitation.

■ The findings of guilty of the charge and specification, Charge I, and specifications 2 and 6, Charge II, are set aside and the charge and specification, Charge I, and specifications 2 and 6, Charge II, are dismissed.[3]

Reassessing the sentence on the basis of the remaining findings of guilty, we find it to be, nonetheless, appropriate.

Accordingly, the findings of guilty, as modified, and the sentence are

AFFIRMED.

---

**3.** Appellate government counsel suggest in their brief that we approve findings of guilty of dereliction of duty as a lesser included offense. Although dereliction of duty is a lesser included offense of failure to obey a lawful order, *United States v. Green,* 47 C.M.R. 727 (A.F.C.M.R.1973), *pet. denied,* 48 C.M.R. 999 (1974), there is no precedent for it being a lesser included offense of violating a lawful general regulation under Article 92(1). The problem appears to be that, contrary to an allegation under Article 92(1), dereliction of duty requires proof of knowledge of the duty not performed. Thus, it appears that dereliction of duty contains an element of proof not embraced within an allegation of violating a lawful general regulation. An ancillary issue appears to be whether proof of the existence of a nonpunitive *general* regulation (if there is such an entity for U.C.M.J. purposes) gives rise to a presumption of the knowledge required under Article 92(3). Again, there is no precedent for such a proposition.