**UNITED STATES**

v.

**Michael L. CLARK, 410 15 1616, Corporal (E–4), U.S. Marine Corps.**

**NMCM 88 3870.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 13 July 1988.

Decided 30 June 1989.

Maj. J.L. Powers, USMC, Appellate Defense Counsel.

Maj. J.B. Gilbert, USMC, Appellate Defense Counsel.

Lt. Col. Joseph S. Uberman, USMC, Appellate Government Counsel.

Before COUGHLIN, STRICKLAND and RUBENS, JJ.

RUBENS, Judge:

Pursuant to his pleas, a military judge sitting alone as a special court-martial convicted appellant of soliciting a Naval Investigative Service (NIS) cooperating witness (CW) to possess marijuana in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The military judge sentenced appellant to a bad-conduct discharge, confinement for 90 days, forfeiture of $447.00 pay per month for 3 months, and reduction to E–1. The convening authority approved the adjudged sentence.

We have examined the record of trial, considered the briefs of counsel, and heard oral argument. Appellant alleges as his single assignment of error that the findings of guilty of the charge and its specification are based on his improvident pleas of guilty. Appellant asserts that the CW called him at his off-base apartment and said that he would like to buy some marijuana. Appellant replied that he could sell it to him, thereby merely answering the CW's inquiry about marijuana. He asserts that the statement that he would sell some to the CW was more of an accommodation than a solicitation and he was the solicitee rather than the solicitor, citing *United*

*States v. Gonzales,* 19 M.J. 951, 952 (AFCMR 1985). The Government responds that *Gonzales* is distinguishable because in that case the appellant made no inducements. The Government argues that in this case the CW indicated only that he was willing to buy marijuana from someone, but the appellant took advantage of the situation by offering to sell it to CW, thereby inducing the CW to possess marijuana and committing the crime of solicitation.

"The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." Rule for Courts–Martial (R.C.M.) 910(e), Manual For Courts–Martial (MCM), United States, 1984; *see* Article 45, UCMJ, 10 U.S.C. § 845; *United States v. Davenport,* 9 M.J. 364, 366–67 (C.M.A.1980). In determining the providency of appellant's plea, we must accept appellant's unretracted testimony "at face value." *United States v. Lee,* 16 M.J. 278, 281 (C.M.A. 1983). After correctly advising appellant of the elements of the offense, the military judge elicited in relevant part the following factual predicate:

MJ: On [1 June 88], did you have a conversation with an NIS cooperating witness?

ACCUSED: Yes, sir.

MJ: And where were you when you spoke to that person?

ACCUSED: At my apartment, sir.

MJ: And what did you talk to that person about?

ACCUSED: About possessing some marijuana, sir.

MJ: Can you tell me what happened?

Accused: *Well, he said that he wanted to buy some, sir, so I told him I could sell him some.*

MJ: Where was he?

ACCUSED: He had stated that he was at the barracks, sir.

MJ: Did he call you or you called (sic) him?

ACCUSED: *He called me, sir.*

MJ: *And he asked you if he could purchase some marijuana from someone, is that—if you knew of someone that he could purchase marijuana from; is that what happened?*

ACCUSED: *Yes, sir.*

MJ: And then is that when you told him that you would sell it to him?

ACCUSED: Yes, sir.

MJ: And did he agree?

ACCUSED: Yes, sir, he did, sir.

MJ: Did you attempt in any way to get him to agree to buy from you?

ACCUSED: Yes, sir.

MJ: What did you do to induce him to buy? Did you offer him a good price? I *don't—I mean, did you do anything to cause him to be willing to purchase from you?*

ACCUSED: *I just told him that I could sell him some, sir.*

MJ: *And that was sufficient?*

ACCUSED: *I guess so, sir, he was enthused.*

MJ: Did you agree on a price?

ACCUSED: No, sir, I just told him that I could sell him some and how much it cost, it didn't make a difference.

MJ: How much did you tell him the price was?

ACCUSED: I wasn't really going to sell a lot, sir, just a little. Just a little, sir, so it wasn't no prices really discussed.

MJ: Okay. Well, how much did he agree to buy from you?

ACCUSED: He just said some marijuana, sir.

R. 11–16 (Emphasis added).

There are three elements to the crime of solicitation in violation of Article 134, UCMJ: first, that the accused solicited or advised someone to commit an offense in violation of the UCMJ (other than one of the offenses listed in Article 82, UCMJ, 10 U.S.C. § 882), second, that the accused did so with the specific intent that the offense actually be committed; third, that the accused's conduct was prejudicial to good or-

der and discipline or service discrediting, under the circumstances. Para. 105b, Part IV, MCM, 1984. "Any act or conduct which may reasonably be construed as a serious request or advice to commit [an offense] may constitute solicitation." Para. 82c(3), Part IV, MCM, 1984. "The essence of solicitation is the *invitation to engage in criminal conduct.*" *United States v. Gonzales* at 952 (emphasis added), citing *United States v. American Airlines*, 570 F.Supp. 654, 660–663 (N.D.Tex. 1983), *rev'd. on other grounds*, 743 F.2d 1114 (5th Cir.1984). At common law "[the] word 'solicitation' ... is employed ... as a general label to cover any use of words or other device by which a person is requested, urged, advised, counseled, tempted, commanded or otherwise enticed or incited to commit a crime." R. Perkins, *Criminal Law* 582 (2d ed.1969).

The issue in this case is whether the factual predicate in the providency inquiry demonstrates that appellant seriously invited CW to engage in the possession of marijuana. It is important that CW called appellant and was the first to mention marijuana. Appellant stated that CW "said he wanted to buy some, ... so I told him I could sell him some." Unfortunately the military judge accepted this third person, somewhat conclusionary recitation of the conversation and did not insist that appellant tell him exactly what CW and he said, as best as he could remember. Apparently realizing that he had not elicited sufficient detail, the military judge asked if CW had asked appellant if he knew of "someone" from whom he could purchase marijuana? Appellant replied "yes, sir" to this leading question. Finally, appellant stated, again in response to a leading question, that his telling CW that he would sell him some marijuana was apparently sufficient to induce CW to buy marijuana because CW was already "enthused."

The Government argues that the solicitation occurred when appellant offered to sell marijuana to CW, *i.e.*, when appellant stated that he would be the "someone" CW was looking for. The Government asserts that this is the serious invitation to engage

in marijuana possession. We disagree. CW indicated at the outset of the conversation not merely that he was considering a purchase, but that he wanted to possess marijuana. This is the clear meaning of appellant's statement that CW said he wanted to buy some, and is further substantiated by appellant's statement that CW was "enthused" to possess marijuana. Moreover, CW made his statement specifically to appellant, thereby clearly indicating that he wanted to buy from appellant or from someone suggested by appellant. There is no other apparent reason why CW would address this statement to appellant. Appellant's response that "he would sell him some," therefore, is certainly within the range of expected responses to CW's question. CW's question is much like the oft-heard question "do you have the time?" The response "yes" is perhaps technically accurate if the addressee of the question knew the time, but would be disappointing to the questioner because the thrust of the question is "do you have the time and, if so, please tell me?" We find that the thrust of CW's question to appellant was that he wanted to possess marijuana and he wanted to know if appellant would sell it to him or tell him someone who would. Appellant's response that he would sell him marijuana is not an offense, merely an agreement to commit a crime in the future (distribution and possession of marijuana). There was no need to seriously invite CW to possess marijuana as he had already made clear his predisposition to do so. There is no evidence of any overt acts towards the commission of possession and distribution of marijuana which would constitute an attempt or conspiracy and, of course, appellant was not charged with these offenses. *See* Paras. 4 and 5, Part IV, MCM, 1984. In fact, the charge sheet indicates that appellant was placed in pretrial confinement 2 days after his conversation with CW. This is before any distribution had been arranged, let alone observed by authorities.

We are not satisfied by the facts elicited in the providency inquiry that appellant

solicited CW to possess marijuana.[1] Accordingly, we find the plea to be improvident and the findings and sentence are set aside. Because the Government is not bound by the appellant's recitation of the facts in the providency inquiry and may be able to prove solicitation in a contested case,[2] a rehearing is authorized.

Senior Judge COUGHLIN and Judge STRICKLAND concur.

---

1. *Accord United States v. Gonzales* 19 M.J. at 952 (An undercover agent stated to accused that "she did not know where or with whom to 'party' "; accused's response that he knew some-one who could sell her marijuana was more of an accommodation than a solicitation.)

