## UNITED STATES

v.

**Airman First Class Jerald D. DAVIS, FR249–59–7220 United States Air Force.**

**ACM 30134.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 March 1992.

Decided 24 May 1994.

Appellate Counsel for Appellant: Colonel Terry J. Woodhouse, Colonel Jay L. Cohen, Lieutenant Colonel G. Michael Lennon, Major Mary C. Yastishock, Captain David D. Jividen, and Captain Eric N. Eklund.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Captain Jane L. Harless.

Before HEIMBURG, PEARSON, and SCHREIER, Appellate Military Judges.

## OPINION OF THE COURT

HEIMBURG, Senior Judge:

Pursuant to a pretrial plea agreement, appellant pled guilty to failure to go, theft of 3 checks, forgery of the checks on 3 subsequent dates, and solicitation of another military member to utter the forged checks. Articles 86, 121, 123, and 134, UCMJ, 10 U.S.C. §§ 886, 921, 923, and 934 (1988). His approved sentence is a bad-conduct discharge, confinement for 6 months, a fine of $300 with additional confinement not to exceed 1 month if not paid within 3 months, and reduction to E–1.

In his sole assignment of error, appellant asserts his pleas of guilty were improvident to two specifications of solicitation to utter forged checks. We agree his pleas were improvident and reassess the sentence.

A brief synopsis of the relevant facts used to conduct the appellant's providence inquiry will show the issue clearly. Appellant, on 5 September 1991, went to the apartment of a friend, Senior Airman (SrA) Taylor, and asked him to cash a check from his girlfriend. He explained he had left his identification in his car, which his girlfriend was driving. The check had, in fact, been stolen from one of appellant's female coworkers, KA, and forged by him, but Taylor did not know of its theft or that appellant wrote it. SrA Taylor agreed, and appellant filled in Taylor's name as payee while Taylor was upstairs changing clothes. The next day, appellant again called Taylor and asked for his help in cashing a check from his girlfriend. This time, again, he told Taylor his girlfriend had his car with his identification in it. Both on 5 and 6 September, appellant represented to SrA Taylor that his girlfriend authorized him to cash the checks. On 10 October 1991 appellant called on SrA Taylor a third time to cash a forged check for him, but this time, according to appellant, Taylor knew the check was forged because appellant wrote the check out in his presence. As to the first two checks, appellant now argues that his plea of guilty

was improvident because he cannot be guilty of soliciting SrA Taylor to utter a forged check when Taylor believed the check was good.

Solicitation to commit an offense has long been recognized as violative of the general article. *United States v. Isbell,* 2 C.M.R. 37 (C.M.A.1952). Even though Article 82, UCMJ, 10 U.S.C. § 882 (1988) prohibits solicitation to commit the specified offenses of desertion, mutiny, misbehavior before the enemy or sedition, the Court of Military Appeals has never applied preemption doctrine to solicitation to commit other offenses. *United States v. Taylor,* 23 M.J. 314, 317 (C.M.A.1987).

■ The question posed by the appellant's case is whether solicitation to commit a crime, as recognized in military law, requires that the person being solicited know that an offense is contemplated. We believe that it does, although we are aware of no military precedent on this exact point.

In *United States v. Oakley,* 7 U.S.C.M.A. 733, 23 C.M.R. 197 (1957), the Court of Military Appeals considered whether two specifications alleging solicitation stated an offense under Article 134, UCMJ, 10 U.S.C. § 934 (1988). The specifications alleged that Oakley, stationed in Germany, asked two civilian employees to purchase rat poison for him so he could put the poison in his first sergeant's food. Oakley argued that the act of purchasing rat poison was entirely legal, and, if he had done it himself, would have amounted to no more than "mere preparation" not amounting to an attempt to commit an offense. *See* Article 80(a), UCMJ, 10 U.S.C. § 880(a) (1988). The Court of Military Appeals rejected this argument, noting that Oakley was charged with more than just asking the civilians to buy rat poison—the specifications alleged he told them the purpose was to poison his first sergeant.

> This information completely changes the character of the request. The solicited act is stamped as the initial step in a criminal scheme. Hence, the request is not merely one for the purchase of an article of legitimate use, but an implicit invitation to join in a criminal plan. We have no doubt that anyone complying with the request would regard himself as a participant in a conspiracy to carry out the purpose of the purchase. It is the invitation inherent in the request which gives the latter an unlawful character.

*Oakley,* 23 C.M.R. at 199.

■ Although the question in *Oakley* was whether a request to do an apparently legal act could be prosecuted as a criminal solicitation, we believe the rationale of that case applies equally here. Appellant's request to SrA Taylor to do something which was, if the facts were as Taylor believed them, legal, could not be a criminal solicitation, as "[t]he gravamen of the offense is the invitation to engage in criminal conduct." *United States v. Asfeld,* 30 M.J. 917, 924 (A.C.M.R.1990); *United States v. Gonzales,* 19 M.J. 951, 952 (A.F.C.M.R.1985).

■ Military case law generally supports the view that one does not commit the offense of solicitation by engaging an unknowing participant in a criminal venture. Solicitation is a specific intent crime, requiring that the solicitor intend that the other person commit some crime. *United States v. Mitchell,* 15 M.J. 214, 216–17 (C.M.A.1983). The seriousness of solicitation is due to the fact that another person is being counseled or encouraged to commit an offense. *Mitchell,* 15 M.J. at 216. *See also United States v. Hubbs,* 20 M.J. 909 (A.C.M.R.1985) ("These definitions not only cover situations in which an idea is planted for the first time in the mind of another, but also ... situations in which a person already contemplating an offense is encouraged to carry it out."); *United States v. Linnear,* 16 M.J. 628, 629 (A.F.C.M.R.1983) ("The term 'solicitation' means any statement or act which may be understood to be a *serious request* to commit an offense.") A contrary opinion was expressed in *United States v. Brantner,* 28 M.J. 941, 945–46 n. 3 (N.M.C.M.R.1989), but that case addressed the sufficiency of the evidence to show an attempt, and we do not consider the *dicta* concerning solicitation to be persuasive.

Our understanding of criminal solicitation from a reading of military cases finds support in commentaries on civilian criminal law. LaFave & Scott, Criminal Law, § 6.1(d) (2d Ed.1986), n. 109, observes

Some of the modern solicitation statutes also state that it is no defense that the person solicited was unaware of the criminal nature of the conduct or of defendant's criminal purpose, or that some factor precluded him from having the mental state required of the person solicited. [Citations omitted.] *Absent such a provision, if the solicitor withholds certain facts from the other party so that the solicited acts, under the circumstances as believed by the party solicited, would not be criminal, then a criminal solicitation has not occurred.* The solicitor has not incited the other person to commit a crime, but rather may have committed an attempt through his scheme to have an innocent agent act for him. G. Williams, Criminal Law: The General Part 616–17 (2d ed. 1961); Model Penal Code § 5.01, Comment at 346–47 (1985). (Emphasis added.)

We believe that, absent a statute which specifically states to the contrary, the offense of solicitation requires that the person being solicited understand the request as one to engage in crime. Since no such provision occurs in the UCMJ or the MANUAL FOR COURTS-MARTIAL, UNITED STATES, 1984 (MCM), we believe solicitation under Article 134, UCMJ, 10 U.S.C. § 934 (1988), must be so interpreted.

Interestingly, neither appellate counsel for the government nor the trial military judge disagree with our view of the law. When the military judge applied the law at trial, however, he decided that a provident plea required only that SrA Taylor knew that "some portion of the check he cashed was false." The military judge ruled that requirement was satisfied because Taylor knew that KA, the person whose name appears on the check as accountholder, did not write in Taylor's name as payee. We reject this as a basis for a criminal solicitation to utter a forged check. The facts as shown to the military judge were that appellant told SrA Taylor that KA was his girlfriend, that she wanted cash, and that appellant was unable to cash the checks because he did not possess his identification card. We are unaware of any legal support for the proposition that the mere act of filling in the name of a payee on an apparently valid check made out with the sum, date, and accountholder's signature amounts to a forgery. *See* MCM, Part IV, ¶ 48; U.C.C. § 3–115 (1990); 36 AM.JUR.2D *Forgery* § 16 (1968).

■ A guilty plea should not be overturned on appeal unless the record of trial shows a "substantial basis" in law and fact for a conflict between the plea and the accused's statements. *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991). Even so, where the acts to which an accused admits do not constitute the offense to which he is pleading guilty, the plea is not provident and should be rejected. *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247, 253 (1969); R.C.M. 910(e). We find appellant's plea of guilty to specifications 1 and 2 of Charge IV, alleging solicitation to utter forged checks, improvident. In the interest of judicial economy, we will dismiss the two specifications to which appellant improvidently pleaded and reassess the sentence. *United States v. Suzuki,* 20 M.J. 248, 249 (C.M.A.1985).

■ We are confident we can determine what sentence the members would have adjudged had they not been presented evidence of appellant's guilty plea to the two specifications we dismiss. The military judge instructed the court members that the solicitation to utter each forged check and the forgery of the same check were but one offense for punishment purposes. Considering all the matters the court members had before them, we believe they would have adjudged the same sentence without these two specifications of solicitation. Moreover we find the sentence, as reassessed, appropriate. *United States v. Peoples,* 29 M.J. 426, 428 (C.M.A. 1990); *United States v. Sales,* 22 M.J. 305 (C.M.A.1986).

Specifications 1 and 2 of Charge IV are hereby dismissed. The remaining approved findings of guilty and the sentence, as reassessed, are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judges PEARSON and SCHREIER concur.