**UNITED STATES**

v.

**Technical Sergeant Edward Anthony CONWAY, Jr., FR001–46–9813, United States Air Force.**

**ACM 30365.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 27 July 1992.

Decided 22 Sept. 1994.

Appellate Counsel for Appellant: Colonel Terry J. Woodhouse, Colonel Jay L. Cohen, Lieutenant Colonel Frank J. Spinner, Captain Del Grissom and Captain Joel R. Reifman.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise and Captain Jane L. Harless.

Before DIXON, PEARSON, and BECKER, Appellate Military Judges.

## OPINION OF THE COURT

PEARSON, Judge:

Appellant pled guilty, in accordance with a pretrial agreement, to providing alcohol to minors; distributing Ritalin, a Schedule II controlled substance, to his 15–year–old stepdaughter, BMS; soliciting BMS to purchase, possess, and use marijuana; soliciting BMS to let him see her naked; abusing BMS in various sexual ways beginning at age 14; extorting BMS' silence about the abuse through threats; and committing indecent acts upon his stepson's 15–year–old girlfriend. The military judge convicted appellant as pled and sentenced him to a dishonorable discharge, 18 years confinement, and reduction to E–1, which the convening authority approved.

Appellant now contends (1) his plea to wrongfully soliciting BMS to let him see her naked is improvident because the specification alleging that offense fails to state an offense, (2) the prosecutor committed plain error by improper sentencing argument, and (3) his sentence to confinement is too severe. We disagree on all points and affirm.

## SOLICITATION OFFENSE

Specification 14 of Charge V alleged that on divers occasions appellant did "wrongfully solicit [BMS], a female under 16 years of age, not the wife of [appellant] to permit him to view her naked." At trial, the parties interpreted the offense as alleging that appellant wrongfully solicited BMS to engage in indecent liberties, that is viewing her naked, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1988). The military judge carefully explained the elements of solicitation and indecent liberties to appellant and received his acknowledgment that those elements correctly described his conduct. Now, appellant asserts for the first time that the specification "fails to state any criminal offense."

■ To adequately allege an offense, a specification must (1) notify the accused of the offense charged, (2) contain the elements of the offense either expressly or by fair implication, and (3) together with the record of trial, bar any subsequent prosecution in the event of acquittal or conviction. *United States v. Bryant,* 30 M.J. 72 (C.M.A.1990); *United States v. Sell,* 3 U.S.C.M.A. 202, 11 C.M.R. 202, 1953 WL 2005 (1953). While the specification in question is not a model of draftsmanship, it adequately alleges an offense under these three tests.

■ By alleging "wrongfully" in the specification, the government notified appellant that it considered his divers requests to see BMS "naked" as criminal acts requiring some degree of criminal intent. By alleging "naked" in the specification coupled with the age of the victim, the government notified appellant that it considered his conduct was indecent. The military judge further refined

these points by asking appellant if he solicited BMS for his "own sexual desires," to which appellant replied, "Yes, ma'am." Thus, the plea inquiry shows appellant knew of the charge he faced, the specification fairly implied all of the elements of wrongfully soliciting indecent liberties with a child, and the record of trial protects him from subsequent prosecution for the same conduct. *United States v. French,* 31 M.J. 57 (C.M.A. 1990); *United States v. Brecheen,* 27 M.J. 67 (C.M.A.1988); *United States v. Schwarz,* 15 M.J. 109 (C.M.A.1983); *United States v. Le-Prowse,* 26 M.J. 652 (A.C.M.R.1988). Moreover, "[a] flawed specification first challenged after trial ... is viewed with greater tolerance than one which was attacked before findings and sentence." *United States v. Watkins,* 21 M.J. 208, 209 (C.M.A.1986); *United States v. Kroop,* 38 M.J. 470, 472 (C.M.A.1993) (in guilty plea case, "The fair intendment of a specification may be clear enough to remedy a technical omission.").

Appellant also argues the plea cannot stand because "[p]ermitting appellant to view her naked body simply is not an offense on the part of the disrobed solicitee."

■ Under military law, the offense of solicitation does not exist unless the person solicited knows the act requested is part of some contemplated wrongful conduct. Consequently, one does not commit solicitation by asking an unknowing person to commit some act, innocent on its face, which aids in the commission of a crime. *United States v. Higgins,* 40 M.J. 67 (C.M.A.1994); *United States v. Oakley,* 7 U.S.C.M.A. 733, 23 C.M.R. 197, 1957 WL 4460 (1957); *United States v. Davis,* 39 M.J. 1110 (A.F.C.M.R. 1994).

■ However, in determining whether a criminal solicitation has in fact occurred, we look at the solicitation in context of all the facts made known to the person solicited and do not view the words or acts of the solicitation in isolation. Thus, a request to perform an act innocent on its face, like buying rat poison, may constitute an invitation to commit a crime, like murder, when an improper purpose is communicated with the request. *See Oakley.*

■ Consequently, a father's request to see his child naked would not be a solicitation when the accompanying facts and circumstances show the child considered the request was for a proper purpose, like the health and welfare of the child, even though the father made the request for some improper sexual motive. On the other hand, the father's request would constitute an invitation to the child to participate in a crime, like indecent liberties, when the surrounding facts and circumstances show the child was aware of an improper purpose, like sexual activity.

We conclude a solicitation occurred in this case. Appellant's comments in the plea inquiry and the stipulation of fact in support of the plea, taken as a whole, show that BMS did not believe appellant's request to see her naked was for a proper purpose. For example, appellant offered BMS money to comply with his desires, which belies any proper purpose, and appellant had already subjected her to a pattern of sexual abuse for more than a year. While the record does not clearly show that BMS knew appellant wanted her to commit some specific criminal offense, it does show she knew he wanted her to participate in a wrongful act. In our opinion, her knowledge of the wrongfulness of the act is sufficient for the offense.

■ We view the essence of criminal solicitation as the invitation to participate in some wrongful act that the legislature has labeled a crime. Consequently, we hold a criminal solicitation does not require that the person solicited know the act requested violates some specific criminal statute or provision, so long as the person understands that the invitation is to engage in wrongful conduct, and that conduct has in fact been made criminal by law. To conclude otherwise would carve out a solicitation haven for those who want to entice children into the netherworld of crime, like inner city drug dealers, as children generally aren't aware of society's criminal laws although they know right from wrong.

■ Similarly, we conclude that the person solicited need not be subject to prosecution for the offense solicited so long as he or

she is asked to participate in a criminal venture. In this regard, consent is not a defense to a charge of indecent liberties or indecent acts. Manual for Courts–Martial, United States, 1984, (MCM) ¶ 87c(1). By asking BMS to let him see her naked, appellant was asking BMS to aid and abet him in committing a criminal offense, even though she was not subject to court-martial jurisdiction. Articles 77, 2, UCMJ, 10 U.S.C. §§ 877, 802. *See also Oakley* (affirming appellant's conviction for soliciting two civilians). Thus, we hold that one who requests a child to participate in a prohibited sexual offense is guilty of solicitation even though the child is not subject to prosecution by court-martial. *See* MCM, ¶ 105e.

Consequently, we conclude appellant's plea to solicitation was provident. *See United States v. Norvell,* 26 M.J. 477 (C.M.A.1988); *Watkins.*

## SENTENCING ARGUMENT

Appellant next complains that the prosecutor's sentencing argument contained irrelevant, inflammatory, and prejudicial comments. As examples, appellant cites, in part, that the prosecutor implied he was not a "decent human being ... worthy of the company of civilized men and women," but instead was a "perverted" individual who treated his victims like "a porno queen" without shedding "a tear" and who would be a burden on the taxpayers if continued in service.

■ Clearly, this prosecutor struck forceful blows. However, "[a] criminal trial is not a tea dance, but an adversary proceeding to arrive at the truth." *United States v. Rodriguez,* 28 M.J. 1016, 1023 (A.F.C.M.R.1989), *aff'd,* 31 M.J. 150 (C.M.A.1990). Thus, a prosecutor may strike hard blows, as long as they are fair ones reasonably based on the evidence. *United States v. Edwards,* 35 M.J. 351 (C.M.A.1992); *United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252, 1956 WL 4578 (1956).

■ We find the prosecutor's comments were fair and reasonably based on the evidence. For example, the prosecutor presented stipulated testimony that appellant told a neighbor that BMS would be "a hot little number in bed" and make a "good porno queen." In an unsworn statement, appellant broached the issue of remorse and taxpayer burden by saying he felt "*extreme* remorse, shame, sorrow, and pain," (emphasis added) and a punitive discharge would deprive him of retirement after 19 years service. The prosecutor merely subjected this evidence to closer scrutiny than appellant would have preferred, a not so unusual occurrence in our adversary system.

■ Even if the prosecutor exceeded the bounds of fair comment, defense counsel forfeited the issue by not objecting at the time, absent plain error which we do not find here. *United States v. Toro,* 37 M.J. 313 (C.M.A. 1993); *United States v. Causey,* 37 M.J. 308 (C.M.A.1993); *Edwards. See generally United States v. Pagel,* 40 M.J. 771 (A.F.C.M.R.1994) (discussion of forfeiture versus knowing waiver).

## SENTENCE APPROPRIATENESS

■ Finally, appellant contends his sentence to confinement is too lengthy, or as his appellate counsel so eloquently puts it, "Cruelty, without violence, does not seem to compel this length of confinement."

Like solicitations and closing arguments, we have to place sentences in their proper context with the facts and circumstances of the case. Rather than rehash the sordid details of appellant's "cruelty," we point out that he knew a significant term of confinement was likely before he walked into the courtroom. In this regard, he limited his confinement to 20 years by a pretrial agreement, and his defense counsel sought to cap it further in argument by requesting "that confinement not exceed 12 years" when the prosecutor asked for more than double that. We find the sentence appropriate. *United States v. Healy,* 26 M.J. 394 (C.M.A.1988).

Accordingly, we conclude the findings and sentence are correct in law and fact and no error prejudicial to the appellant's substantial rights occurred. The findings and sentence are

AFFIRMED.

Judge BECKER concurs.

DIXON, Chief Judge (concurring in part and dissenting in part):

I dissent from the majority's conclusion that appellant's plea of guilty to solicitation was provident and that the sentence in this case is appropriate.

Although I have no difficulty concluding appellant's attempts to persuade his minor stepdaughter to permit him to view her naked body is service discrediting conduct, my interpretation of current military law persuades me the facts here do not support the offense of solicitation. This Court recently held "the offense of solicitation requires that the person being solicited understand the request as one to engage in crime." *United States v. Davis*, 39 M.J. 1110 (A.F.C.M.R.1994). Existing military precedent holds that solicitation is a specific intent crime, requiring that the solicitor intend that the other person commit some crime. *United States v. Mitchell*, 15 M.J. 214, 216–17 (C.M.A.1983).

It appears from my reading of *Davis* and the recent *Higgins*[1] decision of the United States Court of Military Appeals, that solicitation in violation of Article 134 cannot occur unless the person solicited knows that he or she could be prosecuted for an offense if the solicited act is committed. If so, we must find appellant's plea improvident because his stepdaughter could not be prosecuted for complying with appellant's request in this case. The stepdaughter could not be prosecuted for committing indecent liberties with herself. I believe the better rule for a solicitation offense under Article 134 is that solicitation occurs if either the solicitor or the one

being solicited could be prosecuted for a crime if the person solicited does what is requested.[2] However, that is not the law and we are bound to follow the law. Accordingly, I would set aside the specification charging appellant with solicitation.[3]

Regardless of whether the solicitation were set aside, I would find the sentence to confinement for 18 years inappropriately severe. I certainly cannot condone the cruelty of appellant's conduct toward his stepdaughter but do not believe under the totality of these facts and circumstances that such a lengthy sentence to confinement is fair, just, or in keeping with the best interests of our justice system. Although the sentence received by the appellant did not exceed the maximum allowed by law, a legal sentence is not necessarily an appropriate sentence. *United States v. Baker*, 29 M.J. 126 (C.M.A. 1989). Despite the seemingly disgusting array of offenses set forth in the opening paragraph of the majority opinion, I cannot ignore the fact that, given the range of sentences we see in far more serious cases, this sentence is *way out of line.*

Make no mistake about it, the evidence shows the accused to be a despicable parent who viewed and treated his stepdaughter as a sex object. He clearly deserves harsh punishment, but I can find no justification for such a lengthy confinement. Contrary to the inferences which might be drawn from the offenses for which he was convicted, appellant did not secretly entice small children into sex acts by giving them alcohol, was not a notorious drug abuser, and did not display violent behavior. Rather while stationed in

1. *United States v. Higgins*, 40 M.J. 67 (C.M.A. 1994).

2. I find no justification for relieving an accused of criminal responsibility when the accused has the requisite criminal intent and asks another to commit an act which would constitute a crime solely because the lack of knowledge on the part of the person solicited. In my view, a solicitation by a military member for someone else to do something that, if done, would constitute a crime is service discrediting conduct. It makes no sense to me to require the person solicited to *know* that he or she has been asked to engage in a criminal endeavor. There is an even greater risk that a crime will be committed when the person asked to do something does not know that

a crime will result. Why then should we protect an accused from prosecution for solicitation merely because the accused chooses to keep the person solicited in the dark about the criminal activity, or because the accused intentionally misleads the person solicited into believing the requested act is legally permissible.

3. Philosophically I would like to concur in the result reached by the majority because I believe appellant's solicitation of his stepdaughter to let him view her naked body is a crime; however, her knowledge and understanding of the "improper purpose" behind his request does not satisfy the requirement that she understand that she is being asked to commit a crime.

the Philippines, he allowed his teenage children and one of their friends to routinely use alcohol in his own home, once gave his stepdaughter $5.00 and suggested she use it (which she did not) to buy marijuana as she was going out with friends, and once committed the "indecent act" of hugging his son's teenage girlfriend and kissing her on the lips, presumably with her consent. Appellant's acts of misconduct with his stepdaughter in Texas are admittedly more serious but fail to convince me that this sentence is appropriate.

On several occasions while living in Texas, appellant inappropriately hugged, kissed and rubbed against his stepdaughter's body. On one occasion, he had his stepdaughter take 5 pills of Ritalin, a prescription-only drug used to treat children for hyperactivity. While she was feeling the effects of the drug, he massaged her back and legs with a fur glove and electric massager. On several occasions, appellant touched, fondled, and kissed his stepdaughter's bare breasts. He urged her to let him watch her shower and to see her naked, but she refused. While appellant's conduct with his stepdaughter was without question inappropriate, indecent, and criminal, in my opinion, it did not extend to the type of aggravated sexual involvement which warrants appellant's removal from society for 18 years.

I believe it is the responsibility of this Court to review sentences to ensure that those imposed in comparable cases are not grossly disproportionate. Article 66(c), UCMJ. Although this is a clearly distasteful case of child sexual abuse, it does not involve the same magnitude of depraved and lewd behavior that this Court has seen in the cases we have reviewed in recent years. The principal object of appellant's sexual advances was his teenage stepdaughter. Although his improper advances were of a disgusting nature, they did not involve carnal knowledge, sodomy, any penetration of the victim, or any exposure or touching of genitals. Giving due consideration to the fact that appellant has 19½ years of honorable service with no previous convictions, no record of nonjudicial punishment, and has lost

his rights to retire, I find 18 years of confinement in this situation to be clearly excessive.

I stop short of agreeing with appellant's contention that the prosecution argument, which drew no defense objection, exceeded the bounds of fair comment and constituted plain error. However, I am concerned that it was potentially misleading and therefore may have contributed to an excessive sentence. In my view, it incorrectly portrayed appellant as someone "who threatens little girls with violence if they dare resist," and as someone who considers "everyone's a victim." Finally, I am not persuaded that appellant's entry into a pretrial agreement to limit confinement to no more than 20 years is any indication, in this case, that imposition of confinement for 18 years would constitute an appropriate sentence. I would not approve any sentence in this case which consists of confinement in excess of 12 years.

UNITED STATES

v.