# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## JULIEN L. BRONDEAU
## LANCE CORPORAL (E-3), U.S. MARINE CORPS

### NMCCA 201400140
### GENERAL COURT-MARTIAL

**Sentence Adjudged**: 5 November 2013.
**Military Judge**: Maj N.A. Martz, USMC.
**Convening Authority**: Commanding General, 2d Marine Division, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation**: Maj J.N. Nelson, USMC.
**For Appellant**: LCDR Dillon J. Ambrose, JAGC, USN.
**For Appellee**: LT Ian D. MacLean, JAGC, USN.

**23 September 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of attempting to commit a lewd act on a child under the age of twelve, one specification of possessing child pornography, one specification of distributing child pornography, one specification of soliciting the taking of

indecent liberties with a child under the age of sixteen, two specifications of soliciting lewd acts upon a child under the age of sixteen, and one specification of soliciting the commission of a lewd act upon a child under the age of twelve, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 934.  The military judge sentenced the appellant to reduction to pay grade E-1, forfeiture of all pay and allowances, confinement for 10 years, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged.  Pursuant to a pretrial agreement, the CA suspended all confinement in excess of 60 months.

In his three assignments of error (AOEs), the appellant contends that: first, his pleas to Specifications 9 (solicitation to take indecent liberties with a child) and 10 (solicitation to commit a lewd act upon a child) of Charge II were improvident where there was no evidence presented that an actual person was solicited; second, his pleas to Specifications 9, 10, 12 (solicitation to commit a lewd act upon a child) and 13 (solicitation to commit a lewd act upon a child) of Charge II were improvident where there was no evidence presented that the person solicited knew the conduct was wrongful; and, third, his pleas to Specifications 9, 10, 12 and 13 of Charge II were improvident where the person solicited could not commit an offense under the UCMJ.  We disagree with all three AOEs.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

Utilizing Craigslist.com, a public classified advertisements website, the appellant posted requests seeking men and women willing to engage in sexual activity in the presence of their children.  These requests were viewable by anyone accessing the website and not aimed at any specific person.

The appellant also used an online chat room to communicate with a purported father of two young girls.  He requested that the man send him video of his daughters engaging in sexual misconduct.

2

While the appellant did receive responses to some of his postings seeking a sexual encounter in the presence of a child, on only one occasion did contact move beyond on-line communication. This event involved an undercover Naval Criminal Investigative Service (NCIS) agent portraying a mother with a child under the age of twelve. After meeting with the agent and agreeing to engage in sexual activity in the presence of the agent's purported child, the appellant travelled to what he believed was the agent's home. He was apprehended upon arrival.

Except for the specification alleging solicitation of the NCIS agent, the appellant was charged in each relevant specification with soliciting an "unknown person."

## The Providence of the Appellant's Guilty Plea

We review a military judge's decision to accept a guilty plea for an abuse of discretion.[1] A military judge is afforded "significant deference" in accepting a guilty plea, and there must be a "substantial basis" in law or fact for us to question his decision.[2]

### 1. An Actual Person Solicited

Included in the first element of the offense of solicitation is that an "accused. . . solicited. . . a certain person or persons."[3] In Specifications 9 and 10 of Charge II, this element is alleged as the appellant soliciting "an unknown person." The appellant testified that the recipient of his requests "could be anybody,"[4] agreeing that the Craigslist advertisements were "accessible to the public."[5]

The appellant argues, without citing authority, that, if no one read his online advertisements, no solicitation occurred. We need not speculate, however, as the record makes clear that unknown persons did both read and respond to the advertisements. First, the appellant testified that the postings throughout the periods covered by the two specifications were substantially

---

[1] *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996).

[2] *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

[3] MANUAL FOR COURT-MARTIAL, UNITED STATES (2012 ed.), PART IV, ¶ 105b(1),

[4] Record at 49.

[5] *Id*. at 50.

3

similar, in that they sought a mother willing to have sex in the presence of her young children. Second, when asked if anyone had responded to the advertisements, he replied, "Yes, sir, some people have,"[6] and "people . . . answered before [the NCIS agent did]."[7]

These statements, taken together and in context of the entire plea inquiry, sufficiently establish this first element of solicitation, as "the factual circumstances as revealed by the accused himself objectively support [the] plea."[8] When the appellant entered an unconditional plea of guilty, he "relinquished his right to contest the prosecution's theory on appeal . . . unless the record discloses matter inconsistent with the plea."[9] We find no such inconsistency.

## 2. **Knowledge that Conduct is Criminal**

During the plea inquiry, the military judge did not ask the appellant whether he believed the persons he solicited knew that the requested conduct was wrongful. Given the circumstances of the advertisements, we find such a line of questioning to be unnecessary. These were not facially innocent requests.[10] The posts consisted of requests to engage in sexual activity with a man or woman while his or her young children observed, with the appellant offering to pay for the experience. He also requested a man provide video of his young daughters engaging in sexual activity. The appellant admitted under oath that these requested acts would be indecent conduct in that they amount to a "form of immorality relating to sexual impurity that is grossly vulgar, obscene, or repugnant to common propriety and tends to excite sexual desire or deprave morals with respect to sexual relations."[11]

---

[6] *Id*. at 52.

[7] *Id*. at 53.

[8] *United States v. Ferguson,* 68 M.J. 431, 434 (C.A.A.F. 2010) (quoting *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996) (additional citation and internal quotation marks omitted)).

[9] *Id*. at 435 (citing Article 45(a), UCMJ) (internal citation omitted).

[10] *See United States v. Higgins,* 40 M.J. 67, 68-69 (C.M.A. 1994); *United States v. Oakley*, 23 C.M.R. 197, 199 (C.M.A. 1957).

[11] Record at 28; *see also* Record at 64.

We do not find it possible the appellant could have believed the persons he solicited did not understand he was asking them to engage in a criminal act.  Accordingly, the military judge did not abuse his discretion in accepting the appellant's pleas without inquiring on this point.

### 3.  Capable of Committing Offenses under the Code

In his third AOE, the appellant claims that only persons subject to the UCMJ can be solicited under Article 134.  In seeking to distinguish case law holding that solicitation of civilians can constitute a violation of Article 134,[12] he cites *United States v. Sutton*, 68 M.J. 455 (C.A.A.F 2010).  He is mistaken.  In *Sutton*, the United States Court of Appeals for the Armed Forces held that it was not legally possible for a child to be solicited to commit indecent liberties with herself.  This holding was based not on the lack of UCMJ jurisdiction over the child, but on the fact that the person solicited to commit the underlying offense is also the victim of that offense; indecent acts or liberties with a child requires two persons - both an accused and a child.

Here, it was certainly legally possible for the persons solicited to commit a lewd act upon a child.  The solicited person's status as someone not subject to the UCMJ is irrelevant.  "[T]he solicitation of another person to commit an offense which, if committed by one subject to the UCMJ, would be punishable under the UCMJ, is an offense cognizable under Article 134."  *United States v. Robertson*, 17 M.J. 846, 850 (NMCMR 1984).

### Conclusion

The findings and the sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

---

[12] *United States v. Harris*, No. 9901587, 2003 CCA LEXIS 269, unpublished op. (N.M.Ct.Crim.App. 26 Nov 2003); *United States v. Conway*, 40 M.J. 859, 862-63 (A.F.C.M.R. 1994).