UNITED STATES, Appellee

v

KEITH R. OAKLEY, Specialist Second Class, U. S. Army, Appellant

7 USCMA 733, 23 CMR 197

No. 9009

Decided April 19, 1957

*Major Edward Fenig* argued the cause for Appellant, Accused.

*First Lieutenant Arnold I. Burns* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant John E. Riecker.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was convicted of a breach of restriction (specification 3) and two other offenses (specifications 1 and 2), in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934, and sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for one year. Intermediate appellate authorities affirmed. We granted review to consider whether the latter two specifications allege a military offense.

On April 12, 1956, the accused, who was a cook in an anti-aircraft unit in Germany, separately asked two civilian kitchen employees to purchase rat poison for him. On being asked why he wanted the rat poison, he gave substantially the same answer in each instance. In essence, his answer was that he "wanted to poison" his first sergeant by putting the poison in his food. Three days later, the accused gave a statement to Criminal Investigation Detachment agents in which he admitted soliciting the purchase and giving the replies that he did. In his pretrial statement he said that he did not "wish to state what the trouble was between me and the first sergeant. I will tell this to my commanding officer." Two specifications alleging violations of Article 134 were filed against him. Except for a difference in the name of the person solicited, each specification alleges that the accused "did . . . wrongfully . . . solicit Viktor Bulischko to procure for . . . [him]

**734**

rat poison to be used by . . . [him] to poison Master Sergeant Thomas Lytle, Jr, which purpose was made known to Viktor Bulischko by . . . [the accused] at the time of said solicitation."

Solicitation of another to commit an offense under the Uniform Code is conduct in violation of ■ Article 134. United States v Isbell, 1 USCMA 131, 2 CMR 37; Manual for Courts-Martial, United States, 1951, paragraph 161. It is a separate substantive offense which is different from an attempt to commit a criminal act. United States v De Bolt, 253 Fed 78, 81 (SD Ohio) (1918); State v Bowers, 35 SC 262, 14 SE 488; Solicitation to Crime as Substantive Common-Law Offense, 35 ALR 961. Although the accused acknowledges these principles, he contends that the act alleged to have been solicited is entirely legal and, if performed by the accused himself, would amount to no more than mere preparation for which he could not be punished. United States v Choat, 7 USCMA 187, 21 CMR 313. The difficulty with this contention is that it disregards part of the allegations of the specification.

As far as the record shows, the purchase of rat poison is a legal act. It follows therefrom that a ■ request to another to make such a purchase is not an invitation to commit an offense under the Uniform Code. However, that is not the whole of the transaction set out in the specification. It is also charged that the purpose of the purchase was to administer poison to the first sergeant, which purpose was specifically communicated to the person asked to make the purchase. This information completely changes the character of the request. The solicited act is stamped as the initial step in a crim-

inal scheme. Hence, the request is not merely one for the purchase of an article of legitimate use, but an implicit invitation to join in a criminal plan. We have no doubt that anyone complying with the request would regard himself as a participant in a conspiracy to carry out the purpose of the purchase. It is the invitation inherent in the request which gives the latter an unlawful character. The fact that the solicitation was unsuccessful does not change its nature. State v Bowers, supra. We conclude, therefore, that the specification alleges an offense under the Uniform Code.

Although our grant of review was limited to the sufficiency of the specification to state an offense, ■ there is, in my opinion, manifest error in the law officer's denial of a defense request to instruct.[1] Both my brothers, however, believe that the matter was sufficiently considered in our review of the record of trial in connection with the accused's petition, and that in any event the law officer's instructions provided sufficient guideposts for informed consideration of the essential elements of the offense. No useful purpose can be served by further discussion of the point. However, one other serious instructional question is raised by the record of trial, which, although not within the issue upon which we granted review, must be considered. See United States v Crusoe, 3 USCMA 793, 798, 14 CMR 211.

Before the court-martial retired to deliberate on the sentence, the law officer instructed it that each ■ solicitation specification carries a maximum punishment which includes a dishonorable discharge and confinement at hard labor for three years. Since the stated maximum for the offense is not expressly

---

[1] Defense counsel requested an instruction to the effect that the court-martial must acquit the accused if it did not find that he intended to make "each other person named in the specification a co-principal with him and that he spoke with each . . . for the purpose of reaching a common understanding with him to poison" the first

sergeant. In my view, the accused's mental state was a material element and should have been more thoroughly instructed upon. See Blackburn, Solicitation to Crimes, 40 W Va Law Review 135 (1934); State v Schleifer, 99 Conn 432, 121 A 805; United States v De Bolt, 253 Fed 78 (SD Ohio) (1918).

provided in either the Uniform Code or the Table of Maximum Punishments in the Manual for Courts-Martial, United States, 1951, we suppose that he had recourse to paragraph 127c of the Manual to determine the proper limits of punishment. We do not know which of the suggested alternatives he selected. It would seem that he chose the punishment provided for an offense "closely related" to that charged, and that this closely related offense was solicitation to desert or to commit mutiny, in violation of Article 82, 10 USC § 882, which carries a penalty of confinement for three years, a dishonorable discharge, and total forfeiture of pay and allowances. Paragraph 127c, Section A, page 219. Whatever the law officer's reason, however, he was wrong.

Solicitation to commit a crime is indeed a separate substantive offense. Traditionally, in the absence of a specific statutory penalty, it has been considered a minor offense, and that regardless of the crime solicited. Thus, the offense is described in American Jurisprudence as "the misdemeanor of solicitation," and it is further noted that misdemeanors are not generally "infamous offenses." 14 Am Jur, Criminal Law §§ 4, 117. See also Section 13. We conclude, therefore, that the offense is punishable only as a simple disorder carrying a maximum punishment of confinement at hard labor for four months and forfeiture of two-thirds pay per month for a like period. See United States v Blue, 3 USCMA 550, 13 CMR 106. Consequently, the maximum punishment for all three offenses for which the accused was found guilty is a bad-conduct discharge, confinement at hard labor for nine months, and total forfeiture of pay. Manual for Courts-Martial, United States, 1951, paragraph 127c, Section B. Manifestly then, the law officer's instructions on the maximum punishment were erroneous and prejudicial. Since there is great disparity between the law officer's instruction on the maximum punishment and the actual punishment that could be imposed, we believe that the interests of justice require a redetermination of the sentence by the court-martial. United States v Johnson, 7 USCMA 488, 22 CMR 278.

The decision of the board of review in regard to the findings of guilty is affirmed. The sentence, however, is set aside. A rehearing of the sentence may be ordered.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

The principal opinion points out that the solicitation offenses of which the accused stands convicted are punishable only as simple disorders, and, accordingly, a redetermination of the sentence is required. In the light of the evidence in this record, I concur in that concept. However, it is not necessary to convene a new court for resentencing purposes. We are not faced with a situation comparable to the one confronting us in United States v Voorhees, 4 USCMA 509, 16 CMR 83, and we have previously recognized the power of a board of review to purge the error committed by a law officer in misadvising the court-martial on the maximum sentence imposable. United States v Crusoe, 3 USCMA 793, 14 CMR 211. I would therefore return the record to The Judge Advocate General of the Army for reference to a board of review, which may assess an appropriate sentence.