UNITED STATES, Appellee

v

OLE B. GUY, JR., Sergeant, U. S. Marine Corps, Appellant

8 USCMA 66, 23 CMR 290

No. 9401

Decided June 7, 1957

*Lieutenant Thomas A. Stansbury* argued the cause for Appellant, Accused. With him on the brief were *Captain Albert L. O'Bannon* and *Commander Earl C. Collins*.

*Major Verne L. Oliver* argued the cause for Appellee, United States. With him on the brief was *Commander Guilbert W. Martin*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused was tried for larceny of specified items of clothing having a value of over $2,600, and for housebreaking, in violation of Articles 121 and 130, respectively, of the Uniform Code of Military Justice, 10 USC §§ 921 and 930. On the latter he was convicted of the lesser offense of unlawful entry, in violation of Article 134, Uniform Code of Military Justice, supra, § 934. In regard to the former, the court-martial found the accused not guilty of each of the items alleged and substituted for the value alleged a finding "of a value in excess of $50." This finding amounted to a finding of not guilty of the charge. United States v Nedeau, 7 USCMA 718, 23 CMR 182. See also Sinclair v United States, 265 Fed 991 (CA DC Cir). Accordingly, it was error for the law officer to instruct the court-martial that the finding justified a maximum sentence of a dishon-

orable discharge, total forfeitures, and confinement at hard labor for five years in addition to the punishment prescribed for the Article 134 offense.

The decision of the board of review is reversed. The sentence is set aside, and the record of trial is returned to The Judge Advocate General of the Navy for submission to an appropriate court-martial authority for a rehearing on the sentence. United States v Oakley, 7 USCMA 733, 23 CMR 197.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

I am in full agreement with my associates that accused's conviction for larceny under Article 121 of the Code, 10 USC § 921, cannot stand, and accordingly that a redetermination of his sentence is required. However, as I pointed out in my concurring and dissenting opinion in United States v Oakley, 7 USCMA 733, 23 CMR 197, I cannot agree that it is necessary to convene a new court for that purpose. I would return the record to The Judge Advocate General of the Navy for reference to a board of review, which may reassess a sentence appropriate for the outstanding conviction of unlawful entry.