### UNITED STATES, Appellee

v

### STANLEY G. HAVERILAND, Sergeant, U. S. Marine Corps, Appellant

8 USCMA 621, 25 CMR 125

No. 10,756

Decided January 24, 1958

*Captain Frederick D. Clements* was on the brief for Appellant, Accused.
*Lieutenant Colonel Charles H. Beale, Jr.,* was on the brief for Appellee,
United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Four of the six offenses of which the accused was convicted alleged that he solicited recruits to violate a general regulation. In his instructions to the court-martial, the law officer indicated that each offense authorized confinement at hard labor for two years. Solicitation of another to commit an offense, however, is punishable by confinement for not more than four months. United States v Oakley, 7 USCMA 733, 23 CMR 197. Intermediate appellate authorities substantially reduced the sentence adjudged by the court-martial, but they were apparently unaware of the error in the law officer's instruction. Accordingly, we return the record of trial to The Judge Advocate General of the Navy for submission to the board of review for reassessment of the sentence in the light of this opinion. United States v Walker, 8 USCMA 38, 23 CMR 262.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in the result):

I concur in the result.

The Court's opinion is so broad that I am forced to speculate whether it is intended to repudiate the doctrine announced in United States v Brown, 8 USCMA 255, 24 CMR 65. Further-

more, I am certain the Services will be confused, for we state: "Solicitation of another to commit an offense . . . is punishable by confinement for not more than four months." If such is the law, then we erred in Brown, for there we unanimously upheld an instruction by the law officer that the court members could impose the maximum sentence authorized for the offense of pandering when the offense charged was soliciting others to engage in fornication. In that instance, we quoted the following excerpt from United States v Snyder, 1 USCMA 423, 4 CMR 15,

> ". . . While there is indeed a marked difference between the two improper acts, is there a basic distinction as regards criminality? We think not."

as being applicable.

In another line of cases we reached an opposite result. By way of illustration, in United States v Oakley, 7 USCMA 733, 23 CMR 197, we held that solicitation of persons to obtain poison for the purpose of killing a designated victim could be punished only as a disorder. Thus, it becomes important to the Services for us to distinguish solicitation cases like United States v Oakley, supra, from those in the category of United States v Brown, supra,

and to place this case in the appropriate class.

My grounds for holding this case is governed by *Oakley* are simply these. Paragraph 127c, Manual for Courts-Martial, United States, 1951, states:

"The punishment stated opposite each offense listed in the Table of Maximum Punishments is hereby prescribed as the maximum punishment for that offense, and for any lesser included offense if the latter is not listed, and for any offense closely related to either if not listed."

In the instant case, the offenses to which the accused pleaded guilty were founded on solicitation of enlisted men to seek donations from others for the benefit of drill instructors in disobedience of a lawful general regulation. This crime of solicitation is not so closely related to the substantive offense of violating a general order that, for all practical purposes, the two may be equated. The same was true in United States v Oakley, supra. But in United States v Brown and United States v Snyder, supra, the acts of the accused established not only a separate offense, but, in addition, the nature of the solicitation very nearly proved the offense to which it was equated. In other words, the solicitor was, to all intents and purposes, the panderer. It may be only a difference of degree, but in the last two cited cases the crimes committed are so similar to the offenses for which punishment is prescribed that the Manual rule can be applied. Not so here, however, for solicitation to violate an order does not substantially prove the accused was the violator.