UNITED STATES, Appellee

v

GREGORY H. SMITH, Specialist Four, U. S. Army, Appellant

No. 27,471

December 14, 1973

*Colonel Arnold I. Melnick, Captain Leland M. Stenehjem, Jr., Captain George Clyde Gray,* and *Captain Gilbert J. Weller* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, Captain Thomas B. McCullough, Jr.,* and *Captain M. Douglas Deitchler* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

PER CURIAM:

Appellant was convicted, contrary to his plea of not guilty, of two specifications of the wrongful distribution of a controlled substance, secobarbital, and one specification of the wrongful possession with intent to distribute the same substance, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. In his instructions to the court, the military judge informed the members that the maximum period of confinement at hard labor was 15 years —5 years for each offense. The appellant was sentenced to a dishonorable discharge, total forfeitures, confinement at hard labor for 5 years, and reduction to the grade of Private E-1. The Court of Military Review reduced the term of confinement at hard labor to 3 years and affirmed the remainder of the sentence.

We granted review on the following issue:

Whether the military judge erred to the substantial prejudice of appellant when he instructed the court members that the maximum punishment to confinement was a period of 15 years when, in fact, the maximum punishment to confinement was only 3 years. United States v Turner, 18 USCMA 55, 39 CMR 55 (1968).

In *Turner,* we held that the punishment which could be imposed for drug offenses involving those drugs not included within the definition of *habit-forming narcotic* (or marihuana) is governed by "that authorized by the United States Code or the Code of the District of Columbia, whichever prescribed punishment is the lesser." 18 USCMA at 60, 39 CMR at 60. With regard to seconal (secobarbital), the United States Code provides a 5-year penalty while that of the District of Columbia would allow only 1 year.

The Government concedes prejudicial error and joins with the appellant in asking that the sentence be set aside and

**22 USCMA 528**

the record be returned for a rehearing on sentence.

That portion of the decision of the Court of Military Review affirming the sentence, as modified, is set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing on sentence may be ordered.