No. 83–812.   WALLACE, GOVERNOR OF ALABAMA, ET AL. *v.* JAFFREE ET AL.; and

No. 83–929.   SMITH ET AL. *v.* JAFFREE ET AL.   Appeals from C. A. 11th Cir.   Probable jurisdiction noted limited to Question 1 in the jurisdictional statements, cases consolidated, and a total of one hour allotted for oral argument.   The judgment with respect to the other issues presented by the appeals is affirmed.   Reported below: 705 F. 2d 1526 and 713 F. 2d 614.

JUSTICE STEVENS, concurring.

In their amended complaint in this litigation, appellees sought (1) a judgment holding three statutory provisions, Ala. Code §§ 16–1–20, 16–1–20.1, 16–1–20.2 (Supp. 1983), and certain allegedly state-sanctioned, though not statutorily sanctioned, school prayer practices invalid under the Establishment Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, and (2) an injunction against the enforcement of these statutory provisions and nonstatutory practices.   The District Court dismissed the amended complaint.   554 F. Supp. 1104 (SD Ala. 1983).   The Court of Appeals reversed the District Court's judgment in relevant part.   705 F. 2d 1526 (CA11 1983).   It held the challenged statutory provisions and nonstatutory practices unconstitutional and ordered the District Court to enter an injunction.   Appellants

invoke this Court's appellate jurisdiction under 28 U. S. C. § 1254(2) regarding the Court of Appeals' judgments on the statutory provisions.

As I understand it, the order this Court enters today is a holding that Ala. Code § 16–1-20.2 (Supp. 1983) is invalid as repugnant to the Establishment Clause of the First Amendment, applicable to the States under the Fourteenth Amendment. Moreover, the Court's order also affirms the judgment of the Court of Appeals insofar as it directed the District Court to enjoin the appellants from enforcing § 16–1-20.2. The judgment of the Court of Appeals concerning the nonstatutory school prayer practices is not within the appellate jurisdiction of this Court and is challenged in a petition for a writ of certiorari in *Board of School Comm'rs of Mobile County* v. *Jaffree*, No. 83–804. The Court denies that petition, *post*, p. 926.

The Court's order noting probable jurisdiction is thus limited to the judgment of the Court of Appeals concerning the constitutionality of § 16–1-20.1. Appellants frame the constitutional questions presented by that provision as follows:

> "Whether a state statute which permits, but does not require, teachers in public schools to observe up to a minute of non-activity for meditation or silent prayer has the predominant effect of advancing students' liberty of religion and of mind rather than any effect of establishing a religion." Juris. Statement in No. 83–812, p. i.

> "Does a moment of silence for individual silent 'prayer or meditation' at the beginning of each school day in a public school classroom violate the Establishment Clause of the First Amendment as interpreted by its language, framers' intent, and history?" Juris. Statement in No. 83–929, p. i.

On the understanding that the Court has limited argument to the question whether § 16–1-20.1 is invalid as repugnant to the Establishment Clause, applicable to the States under the Fourteenth Amendment, I join the Court's order.