UNITED STATES, Appellee

v.

Paul J. HIGGINS, Private First Class, U.S. Army, Appellant.

No. 93–0041.
CMR No. 9102658.

U.S. Court of Military Appeals.

Argued Dec. 1, 1993.

Decided Aug. 17, 1994.

———

For Appellant: *Captain Martin L. Sims* (argued); *Colonel Malcolm H. Squires, Jr., Lieutenant Colonel James H. Weise, Major Robin L. Hall, Captain Lawrence W. Andrea* (on brief); *Colonel Stephen D. Smith.*

For Appellee: *Captain Jane F. Polcen* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Joseph A. Russelburg, Captain Robert J. Walters* (on brief); *Major Joseph C. Swetnam.*

*Opinion of the Court*

WISS, Judge:

At his special court-martial, appellant pleaded guilty to larceny (8 specifications), wrongful appropriation, and solicitation of another to commit larceny, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 USC §§ 921 and 934, respectively. After findings had been entered consistent with these pleas, the military judge sentenced appellant to a bad-conduct discharge, confinement and forfeiture of $502.00 pay per month for 5 months, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Military Review affirmed in an unpublished opinion.

We granted review to consider the providence of appellant's pleas of guilty to soliciting another to commit a crime under circumstances in which the other person was not aware of the criminal endeavor and in which the other person's action was not itself a crime.[1] Now, we hold that the pleas were improvident. *United States v. Oakley,* 7 USCMA 733, 23 CMR 197 (1957).

---

1. Additionally, we granted review of an issue that in the interim has been decided adversely to appellant. *Weiss v. United States,* — U.S. —, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

## I

The facts are quite simple. Appellant stole an automatic teller machine (ATM) card belonging to another soldier in his unit and used it on nine occasions to withdraw funds from that soldier's credit union account. On one of these occasions, appellant was the Charge of Quarters runner, and he asked Specialist Trejo to take the stolen card and go to the ATM to get appellant $300.00. Trejo did so and returned the card to appellant.[2] Appellant did not tell Trejo that the card was not his, that the credit union account was not his, or that the withdrawn money was not his. In fact, appellant stated during the providence inquiry (and the stipulation of fact admitted in support of the plea indicates, as well) that he expressly had told Trejo that the account to which the card belonged was appellant's. In other words, appellant in no way disclosed to Trejo, and Trejo in no way was aware, that he was playing a role in appellant's criminal scheme.

There was no discussion at trial of the issue now before this Court. Appellant did, however, litigate this issue in the Court of Military Review. There, he claimed that, to constitute solicitation under Article 134, the person "solicited must know that he is being asked to engage in criminal activity." Unpub. op. at 2. The court disagreed. Apparently rejecting any materiality of the solicitee's knowledge or state of mind, the court held:

> In this case, the appellant intended that SPC Trejo be his unknowing agent to steal money from the account of the victim. We find that the appellant committed the offense of solicitation when he requested that SPC Trejo take the money from the account using the stolen ATM Card. At that time, the appellant had the specific intent to permanently deprive the victim of the money.

Unpub. op. at 2-3.

## II

A providence inquiry into a guilty plea must establish, *inter alia,* "not only that the accused himself believes he is guilty but also that the factual circumstances as revealed by the accused himself objectively support that plea." *United States v. Davenport,* 9 MJ 364, 367 (CMA 1980). If the accused asserts "matter inconsistent with the [guilty] plea," the military judge may not accept the plea. Art. 45(a), UCMJ, 10 USC § 845(a); *United States v. Penister,* 25 MJ 148, 151 (CMA 1987).

Once a guilty plea has been accepted as provident, however, it will be set aside on appeal only if the record "contain[s] some 'evidence in "substantial conflict" with' the pleas of guilty. *United States v. Hebert,* 1 MJ 84, 86 (CMA 1975)." *United States v. Stewart,* 29 MJ 92, 93 (CMA 1989). *See also United States v. Prater,* 32 MJ 433, 437 (CMA 1991) (guilty plea not found improvident when record contained "no 'substantial basis'" for the defense asserted on appeal). Appellant alleges, and we agree, that Trejo's blissful ignorance that the act requested of him was part of a criminal scheme is "'in "substantial conflict" with' the pleas of guilty" because it is inconsistent with one of the elements of solicitation as it is prohibited under Article 134.

The first element of the charged solicitation is that appellant "solicited or advised a certain person or persons to *commit a certain offense* under the code...." Para. 105b(1), Part IV, Manual for Courts-Martial, United States, 1984. This Court, as early as the decision in *United States v. Oakley,* 7 USCMA at 735, 23 CMR at 199, has held that this requires that the solicitor's request be such that the solicitee know that the act requested of him is part of a criminal venture. In that case, the accused had asked two others to purchase rat poison for him and, in response to their queries, explained that he wanted to poison his first sergeant with it. This Court wrote:

> As far as the record shows, the purchase of rat poison is a legal act. It follows

2. This incident led to appellant's conviction of both wrongful solicitation and larceny of $300.00.

therefrom that a request to another to make such a purchase is not an invitation to commit an offense under the Uniform Code. However, that is not the whole of the transaction set out in the specification. It is also charged that the purpose of the purchase was to administer poison to the first sergeant, which purpose was specifically communicated to the person asked to make the purchase. This information completely changes the character of the request. The solicited act is stamped as the initial step in a criminal scheme. Hence, the request is not merely one for the purchase of an article of legitimate use, but an *implicit invitation to join in a criminal plan. We have no doubt that anyone complying with the request would regard himself as a participant in a conspiracy to carry out the purpose of the purchase. It is the invitation inherent in the request which gives the latter an unlawful character.*

(Emphasis added.)

The opinion of the Court of Military Review to the contrary did not cite *Oakley*. Instead, the court got off on the wrong foot at the outset of its analysis by confusing, on the one hand, *Oakley*'s requirement that the request must be seen as an *invitation* to the solicitee to join a criminal scheme with, on the other, the solicitee's *acceptance of or action on* that invitation. For instance, the court stated:

The appellant's contention is that to constitute the offense of solicitation the individual solicited must know that he is being asked to engage in criminal activity. *The logical extension of this argument is that both the solicitor and the solicitee must agree on the criminality of the activity. This logic fails because that is the essence of the offense of conspiracy.* See UCMJ art. 81 [10 USC § 881].

Unpub. op. at 2 (emphasis added). Again, later, when analogizing solicitation under Article 134 with solicitation of particular crimes under Article 82, UCMJ, 10 USC § 882, the court wrote:

The offense of solicitation under the latter Article is complete when the request is made with the specific intent of the solicitor to influence another. *It is not necessary that the person solicited agree to or act upon the solicitation.* Thus, the *intention or knowledge of the solicitee* is not an element of the offense of solicitation under this Article; rather, it is the intent of the solicitor....

Unpub. op. at 2 (emphasis added; citation omitted).

Quite clearly the court was correct in observing that it is not necessary—under either Article 82 or Article 134—that the solicitee *agree* to the invitation (which is the essence of conspiracy) or *act* upon it (which also is an aspect of conspiracy and, as well, would make both liable for the substantive crime, if it is completed). *See* 2 W. LaFave & A. Scott, *Substantive Criminal Law* § 6.1 at 12 (1986) ("[T]he crime of solicitation requires no agreement or action by the person solicited, and thus the solicitation is complete when the solicitor, acting with the requisite intent, makes the command or request."). For helpful illustrations of the progression along the criminal path from solicitation to conspiracy to attempt to completed substantive offense, *see id.* at 3; and 4 *Wharton's Criminal Law* § 713 at 513 (C. Tortia 14th ed.1981).

That does not translate, however, into a conclusion that it is not necessary that the request be such that the solicitee would appreciate it as an invitation to join a criminal plan. To illustrate, the following discussion is found in § 5.01, ALI Model Penal Code, *reprinted* in ALI *Model Penal Code and Commentaries* 346–47 (1985) (footnotes omitted):

(vii) *Solicitation of Innocent Agent.* Professor Glanville Williams suggests the situation where "D unlawfully tells E to set fire to a haystack, and gives him a match to do it with.... If, as D knows, E (mistakenly) believes that it is D's stack and that the act is lawful, E is an innocent agent, and D is guilty of attempted arson; D, in instructing E, does the last thing that he intends in order to effect his criminal purpose. (It would be the same if he only used words and did not give E a match.)"

The prohibition against criminal solicitation does not apply in this case because E is himself not being incited to commit a crime. For this reason E is not in a position, as an independent, moral agent, to resist D's inducements; unlike the situation in criminal solicitation, E is wholly unaware that commission of a crime is involved.

We recognize, as the court below noted and as the Government argues, that it is irrelevant, under the federal statute outlawing solicitation of violent federal crimes (18 USC § 373(a)), whether the solicitee is aware that the request is one to become involved in a crime. That results, however, from the fact that the statute expressly provides as much:

> It is not a defense to a prosecution under this section that the person solicited could not be convicted of the crime because he lacked the state of mind required for its commission, because he was incompetent or irresponsible, or because he is immune from prosecution or is not subject to prosecution.

18 USC § 373(c) (emphasis added). Where a statute, such as this, forthrightly provides that it is irrelevant whether the person solicited is aware of the criminal nature of the conduct, a different result obtains than that in *Oakley. See* Wharton's, *supra* § 719 at 521. "Absent such a provision, [however,] if the solicitor withholds certain facts from the other party so that the solicited acts, under the circumstances as believed by the party solicited, would not be criminal, then a criminal solicitation has not occurred." LaFave, *supra* at 15 n. 109.[3] *Accord United States v. Oakley, supra.*

## III

Accordingly, appellant's conviction of solicitation that is based upon his improvident guilty pleas cannot stand. It does not appear that the Government's version of the events in question are different from those set forth by appellant during his trial, so the solicitation charge may be dismissed. Given the remaining offenses in light of the adjudged sentence, there is no fair risk that appellant's sentence was prejudiced by this erroneous finding. Art. 59(a), UCMJ, 10 USC § 859(a).

## IV

The decision of the United States Army Court of Military Review is reversed as to Charge II and its specification. The findings of guilty of Charge II and its specification are set aside, and that Charge is dismissed. In all other respects the decision below is affirmed.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and GIERKE concur.

---

3. The footnote continues with this explanation:

> The solicitor has not incited the other person to commit a crime, but rather may have committed an attempt through his scheme to have an innocent agent act for him. G. Williams, Criminal Law: The General Part 616–17 (2d ed.1961); Model Penal Code § 5.01, Comment at 346–47 (1985).

The analysis that we have used to resolve this question under Article 134 might well apply, as well, to solicitation as prescribed by Article 82. There is no authority of which we are aware that holds to the contrary, and the Court of Military Review's limited treatment of this question was under the implicit misapprehension that there is no legal distinction between the solicitee's having to be *aware* that he was being asked to join a criminal activity, on the one hand, and his having to *agree* to it or *act* upon it, on the other. Further, the discussion at n. 109 of LaFave and Scott would suggest that, since Article 82 does not expressly make the solicitee's state of mind irrelevant, then his awareness of the quality of the act requested of him is material. We recognize, however, the possibility that the nature of the crimes specifically addressed in Article 82—desertion, mutiny, misbehavior before the enemy, and sedition—may be such that, for some reason, a different conclusion is possible. That is a question for another day.