UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Chief Warrant Officer Three BRUCE B. BRYANT
 United States Army, Appellant

 ARMY 20051107

 Headquarters, Multi-National Corps
 Baghdad, Iraq
 Denise R. Lind, Military Judge (motions)
 Patrick J. Reinert, Military Judge (trial)
 Colonel Malinda E. Dunn, Staff Judge Advocate (pretrial)
 Colonel W. Renn Gade, Staff Judge Advocate (post-trial recommendation)
 Colonel Michele M. Miller, Staff Judge Advocate (addendum)

For Appellant: Lieutenant Colonel Jonathan F. Potter, JA (argued); Colonel
Christopher J. O’Brien, JA; Lieutenant Colonel Steven C. Henricks, JA;
Major Sean F. Mangan, JA; Lieutenant Colonel Jonathan F. Potter, JA (on
brief);

For Appellee: Captain James M. Hudson, JA (argued); Colonel John W. Miller
II, JA; Major Elizabeth G. Marotta, JA; Captain Larry W. Downend, JA;
Captain James M. Hudson, JA (on brief).

 14 August 2008

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice, 10 U.S.C. §866 [hereinafter UCMJ]. After consideration
of briefs and oral arguments, we find one of appellant’s multiple
assignments of error merits relief.

 Contrary to appellant’s pleas, a panel of officers sitting as a
general court-martial convicted appellant of making a false official
statement, two attempted violations of a lawful general order (preparing to
ship two assault weapons out of Iraq for personal retention and control),
two completed violations of the same general order (wrongfully possessing
alcohol and wrongfully shipping ammunition out of the USCENTCOM Area of
Responsibility), larceny of military property (two crates of ammunition),
and wrongful appropriation of military property (other assorted arms and
ammunition including an anti-tank weapon and grenades), in violation of
Articles 80, 92, 107, and 121, UCMJ. Appellant was also convicted,
contrary to his pleas, of three violations of Article 134, UCMJ, for
soliciting another soldier to wrongfully alter an official document,
wrongfully possessing stolen ammunition shipped in interstate commerce, and
wrongfully shipping ammunition in interstate commerce.( The court
sentenced appellant to a dismissal, a fine of $10,000.00 (and to serve
confinement for six months if the fine was not paid), and a reprimand.

 Appellant alleges his conviction for the Specification of Additional
Charge IV (wrongful solicitation) is factually and legally insufficient.
Quoting our superior court’s decision in United States v. Higgins, 40 M.J.
67, 68 (C.M.A. 1994), appellant argues the record does not demonstrate “the
solicitee [knew] that the act requested of him [was] part of a criminal
venture,” cites evidence to the contrary from the record of trial, and
maintains the solicitation conviction in this case cannot stand. On these
facts, we agree and will grant appropriate relief in our decretal
paragraph.

 We have considered the remaining assignments of error and conclude
they are without merit.

 Decision

 We set aside and dismiss Additional Charge IV and its Specification.
The remaining findings of guilty are affirmed.

 We have reviewed the remaining assignments of error and find them to
be without merit. Reassessing the sentence on the basis of the error
noted, the entire record, and applying the principles of United States v.
Sales, 22 M.J. 305 (C.M.A. 1986) and United States v. Moffeit, including
Judge Baker’s concurring opinion, 63 M.J. 40, 43 (C.A.A.F. 2006), the court
affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
( The latter two offenses were alleged as violations of 18 U.S.C. §§ 842(h)
and 922(e), respectively, and charged as assimilated crimes under clause 3
of Article 134, UCMJ.