STUCKY, Judge,
with whom OHLSON, Judge, joins (dissenting):
Stare decisis is defined as “[t]he doctrine of precedent, under which a court must follow earlier judicial decisions when the same points arise again in litigation.” Black’s Law Dictionary 1626 (10th ed, 2014). The doctrine encompasses at least two distinct concepts, only one of which is raised by this ease: (1) “an appellate court[ ] must adhere to its own prior decisions, unless it finds compelling reasons to overrule, itself’ (horizontal stare decisis); and (2) courts “must strictly follow the decisions handed down by higher courts” (vertical stare decisis). Id The majority employs the former to enshrine this Court’s flawed opinion in United States v. Miller, 10 C.M.A. 296, 27 C.M.R. 370 (1959), when the latter is the only relevant inquiry.
Citing Jackson v. Taylor, 353 U.S. 569, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957), the Judge Advocate General of the Navy asked this Court whether the courts of criminal appeals are authorized to remand cases for rehearings on sentence alone. The majority begins by correctly describing the genesis of the issue. In Jackson, the petitioner contested the authority of the United States Army Board of Review to reassess his sentence instead of remanding for a sentence rehearing. Id. at 571, 77 S.Ct. 1027. The Supreme Court concluded:
Finally, the petitioner suggests that the case should be remanded for a rehearing before the court-martial on the question of the sentence. We find no authority in the Uniform Code for such a ‘procedure and the petitioner points to none. The reason is, of course, that the Congress intended that the board of review should exercise this power. This is true because the nature of a court-martial proceeding makes it impractical and unfeasible to remand for the purpose of sentencing alone. See United States v. Keith, 1 C.M.A. 442, 451, 4 C.M.R. 34, 43 (1952). Even petitioner admits that it would now, six years after the trial, be impractical to attempt to reconvene the court-martial that decided the case originally. A court-martial has neither continuity nor situs and often sits to hear only a single case. Because of the nature of military service, the members of a court-martial may be scattered throughout the world within a short time after a trial is concluded. Recognizing the impossibility of remand to the same court-martial, petitioner suggests as an alternative that the ease should be remanded for a rehearing before a new court-martial. He admits that it would now be impractical for such a new court-martial to hear all of the evidence, and that the court would have to make its sentence determination on the basis of what it could learn from reading the record. Such a procedure would merely substitute one group of nonparticipants in the original trial for another. Congress thought the board of review could modify sentences when appropriate more expeditiously, more intelligently, and more fairly. *344 Acting on a national basis the board of review can correct disparities in sentences and through its legally-trained personnel determine more appropriately the proper disposition- to be made of the cases. Congress must have known of the problems inherent in rehearing and review proceedings for the procedures were adopted largely from prior law. It is not for us to question the judgment of the Congress in selecting the process it chose.
Id. at 579-80, 77 S.Ct. 1027 (emphasis added)' (footnotes omitted).
Two years after Jackson, the Court of Military Appeals flatly ignored the Supreme Court’s explicit holding. Miller, 10 C.M.A. at 297, 27 C.M.R. at 371. The Court of Military Appeals noted that it was the practice of military courts to order rehearings on sentence alone before Jackson. Id. at 299, 27 C.M.R. at 373. It asserted that the UCMJ does not prohibit, and “impliedly authorizes,” remands for rehearings on only the sentence. Id. at 299, 27 C.M.R. at 373.
Moreover, as the board of review pointed out in its well-reasoned opinion, the literal but entirely unreasonable construction of Article 66(d), supra, can easily be avoided merely by substituting “or” for “and,” construing that statute to provide, “If the board of review sets aside the findings or sentence, it may ... order a rehearing.” (Emphasis supplied.)
Id. at 299, 27 C.M.R. at 373 (quoting United States v. Miller, 26 C.M.R. 673, 680 (A.B.R.1958)).
The Court of Military Appeals’ decision in Miller contravened vertical stare decisis by analyzing de novo whether the UCMJ authorized a sentence rehearing, rather than applying the Supreme Court precedent from Jackson. The Supreme Court has unequivocally condemned such actions:
[T]he Court of Appeals could be viewed as having-ignored, consciously or unconsciously, the hierarchy of the federal court system created by the Constitution and Congress.... [UJnless we wish anarchy to prevail within the federal judicial system, a precedent of [the Supreme] Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.
Hutto v. Davis, 454 U.S. 370, 374-75, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982); see United States v. Tualla, 52 M.J. 228, 230 (C.A.A.F.2000) (recognizing that lower courts are bound by decisions of superior courts).
Today, the majority analyzes the issue presented by employing the criteria for overruling one of its own decisions (horizontal stare decisis). United States v. Quick, 74 M.J. 332, 335-36 (determining whether the precedent is unworkable or badly reasoned (citing Tualla, 52 M.J. at 231), and examining intervening events, reasonable expectations of servicemembers, and the risk of undermining public confidence in the law (citing United States v. Boyett, 42 M.J. 150, 154 (C.A.A.F.1995))).[1] This would be all well and good in the proper context. It misses the point entirely in the context actually presented. The question is not whether intervening developments, reasonable expectations, and the like support overruling Miller vel non, but the intrinsic legitimacy of Miller in the first place. The fact that we as a court may have gotten away with ignoring Jackson v. Taylor for decades does not justify repeating the error when the question is squarely presented, as it is here. This conversion of the question from one of vertical to horizontal stare decisis demonstrates a basic misunderstanding of the doctrine and of this Court’s place in the judicial hierarchy. The questions raised in Tualla and Boyett are relevant only when an appellate court is deciding whether to overturn one of its own precedents, not when it is “compelled to apply the precedent of a higher court.” Jaffree v. Wallace, 705 F.2d 1526, 1532 (11th Cir.1983), aff'd in part, 466 U.S. 924, 104 S.Ct. 1704, 80 *345 L.Ed.2d 178 (1984), and aff'd, 472 U.S. 38, 105 S.Ct. 2479, 86 L.Ed.2d 29 (1985).
The real issue presented is whether the Supreme Court’s decision in Jackson was a holding which this Court is bound to apply. If, as a majority of this Court believes, the Supreme Court’s Conclusions regarding sentence-only rehearings were not dicta,[2] the application of horizontal stare decisis is simply irrelevant. As Senior Judge Everett so eloquently stated:
The fundamental error in the court’s analysis was in according the policy of stare decisis an aspect of flexibility that it does not have. A precedent-making decision may be overruled by the court that made it or by a court of á higher rank. That discretion, however, does not reside in a court of a lower rank.
United States v. Allbery, 44 M.J. 226, 228 (C.A.A.F.1996) (quotation marks and citation omitted) (referring to failure of a court of criminal appeals to follow Court of Military Appeals precedent).
Both the majority and concurring opinions attach some significance to the President’s mention of sentence-alone rehearings in Rules for Courts-Martial 810(a)(2) and 1203(c)(2), presumably pursuant to his authority under Article 36(a), UCMJ, 10 U.S.C. § 836(a) (2012). See Quick, 74 M.J. at 338; id. at 339-40 & nn. 2, 3 (Baker, J., concurring). But Article 36(a), UCMJ, grants the President authority only to prescribe rules for courts-martial “which may riot be contrary to or inconsistent with [the UCMJ].” As the Supreme Court has held that the UCMJ does not authorize rehearings on sentence alone, the President may not establish a rule to the contrary.[3]
As the majority refuses to recognize the primacy of the Supreme Court’s decision in Jackson, and insists on continuing the original sin of Miller, I respectfully dissent.
Appendix
• United States v. Murgaw, 2 C.M.A. 369, 371, 8 C.M.R. 169, 171 (1953) (setting aside the sentence in part but “declin[ing] to exercise [the Court’s] power to order a rehearing”) (Quinn, C.J., concurring) (La-timer, J., dissenting in part).
• United States v. McBride, 6 C.M.A. 430, 435, 20 C.M.R. 146, 151 (1955) (affirming the decision of board of review as to sentence but reversing as to findings and directing a rehearing as to sentence) (Quinn, C.J., concurring) (Brosman, J., concurring in part and dissenting in part).
• United States v. Johnson, 7 C.M.A. 488, 494, 22 C.M.R. 278, 284 (1957) (setting aside the findings of guilty of desertion and the sentence and authorizing a rehearing on the sentence) (Ferguson, J., concurring) (Latimer, J., dissenting).
• United States v. Oakley, 7 C.M.A. 733, 736, 23 C.M.R. 197, 200 (1957) (affirming the decision of the board of review with regard to guilty findings but setting aside the sentence and authorizing a rehearing thereon) (Ferguson, J., concurring) (Latimer, J., concurring in part and dissenting in part).
• United States v. Guy, 8 C.M.A. 66, 67, 23 C.M.R. 290, 291 (1957) (setting aside the sentence and ordering the record returned for submission to an appropriate court-martial convening authority for rehearing on sentence) (Ferguson, J., concurring) (Latimer, J., concurring in part and dissenting in part).
• United States v. Rinehart, 8 C.M.A. 402, 410, 24 C.M.R. 212, 220 (1957) (reversing decision below as to sentence and authorizing a rehearing thereon) (Quinn, C.J., concurring) (Latimer, J., dissenting).
• United States v. Hirrlinger, 8 C.M.A. 716, 718, 25 C.M.R. 220, 222 (1958) (finding error as to sentence and authorizing a re *346 hearing thereon) (Quinn, C.J., concurring) (Ferguson, J., concurring in the result).
• United States v. Lowe, 9 C.M.A. 215, 215, 25 C.M.R. 477, 477 (1958) (setting aside the decision of the board of review as to sentence and authorizing rehearing thereon) (Ferguson, J., concurring) (Latimer, J., concurring in the result).
• United States v. Varnadore, 9 C.M.A. 471, 476, 26 C.M.R. 251, 256 (1958) (reversing the decision below as to sentence and authorizing rehearing thereon) (Ferguson, J., concurring) (Latimer, J., dissenting).
• United States v. Faylor, 9 C.M.A. 547, 548, 26 C.M.R. 327, 328 (1958) (reversing the decision below and authorizing a rehearing as to sentence) (Quinn, C.J., concurring) (Latimer, J., concurring in the result).
• United States v. Miller, 10 C.M.A. 296, 299, 27 C.M.R. 370, 373 (1959) (affirming the authority under then Article 66(d), UCMJ, for a board of review body to order a sentence rehearing).
• United States v. Crutcher, 11 C.M.A. 483, 484, 29 C.M.R. 299, 300 (1960) (setting aside the sentence and authorizing reconsideration thereof) (Ferguson, J., concurring) (Latimer, J., dissenting).
• United States v. Spellman, 11 C.M.A. 505, 505, 29 C.M.R. 321, 321 (1960) (setting aside the sentence and returning the record of trial for reconsideration thereof) (Ferguson, J., concurring) (Latimer, J., dissenting).
• United States v. Pope, 11 C.M.A. 520, 520, 29 C.M.R. 336, 336 (1960) (setting aside decision of the board of review as to sentence and returning the record of trial for reconsideration thereof) (Ferguson, J., concurring) (Latimer, J., dissenting).
• United States v. Kitchens, 12 C.M.A. 589, 594, 31 C.M.R. 175, 180 (1961) (setting aside sentence for unlawful command influence and authorizing the board of review to , reassess the sentence by eliminating a punitive discharge or order sentence rehearing).
• United States v. Smith, 12 C.M.A. 594, 595, 31 C.M.R. 180, 180 (1961) (setting aside the sentence for possible unlawful command influence and authorizing sentence rehearing) (Ferguson, J., and Kilday, J., concurring).
• United States v. Barrett, 12 C.M.A. 598, 598, 31 C.M.R. 184, 184 (1961) (setting aside the sentence for possible unlawful command influence and authorizing rehearing on sentence) (Ferguson, J., and Kilday, J., concurring).
• United States v. Rosenblatt, 13 C.M.A. 28, 29, 32 C.M.R. 28, 29 (1962) (setting aside the decision of board of review as to sentence and authorizing a rehearing thereon) (Ferguson, J., and Kilday, J., concurring).
• United States v. Christopher, 13 C.M.A. 231, 234, 32 C.M.R. 231, 234 (1962) (affirming the authority of the board of review, upon reassessment, to affirm a previously adopted sentence .or to remand an appropriate case for a rehearing on sentence, but declining to hold that a board is required to direct a rehearing on sentence in all such cases) (Quinn, C.J., concurring) (Ferguson, J., concurring in part and dissenting in part).
• United States v. Pope, 17 C.M.A. 156, 157, 37 C.M.R. 420, 421 (1967) (setting aside the sentence and authorizing a rehearing thereon) (Quinn, C.J., and Ferguson, J., concurring).
• United States v. Smith, 22 C.M.A. 528, 529, 48 C.M.R. 13, 14 (1973) (per curiam) (setting aside the decision below as to sentence and authorizing a rehearing thereon).
• United States v. Sidney, 23 C.M.A. 185, 185, 48 C.M.R. 801, 801 (1974) (per curiam) (reversing the decision below as to Charge I, dismissing the attendant specifications, and authorizing rehearing on sentence for remaining findings).
• United States v. Miller, 1 M.J. 357, 358 (C.M.A.1976) (per curiam) (reversing the decision below as to sentence and authorizing a rehearing thereon).
• United States v. Willis, 3 M.J. 94, 96 (C.M.A.1977) (setting the sentence aside and authorizing a rehearing thereon) *347 (Fletcher, C.J., concurring) (Cook, J., dissenting).
• United States v. Landrum, 3 M.J. 160, 160 (C.A.A.F.1977) (summary disposition) (setting aside the sentence and stating that, “[i]n the interests of justice, no further proceedings will be held,” although “a new hearing on sentence could be ordered”).
• United States v. James, 3 M.J. 341, 341 (C.M.A.1977) (summary disposition) (reversing the findings below in part and authorizing a sentence rehearing based on remaining guilty findings).
• United States v. Cummings, 3 M.J. 377, 377 (C.A.A.F.1977) (misc. docket) (reversing the decision below, dismissing Charge IV and its specifications, and returning the case for reassessment of the sentence).
• United States v. Roberts, 4 M.J. 91, 91 (C.A.A.F.1977) (reversing the decision below as to one specification, dismissing that specification, and authorizing reassessment of the sentence) (Cook, J., concurring).
• United States v. Chastain, 4 M.J. 91, 91 (C.M.A.1977) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence) (Cook, J., dissenting).
• United States v. Merchant, 4 M.J. 91, 91 (C.M.A.1977) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence) (Cook, J., concurring).
• United States v. Henderson, 4 M.J. 91, 91 (C.M.A.1977) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence).
• United States v. Johnson, 4 M.J. 91, 91 (C.M.A.1977) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence) (Cook, J., dissenting).
• United States v. Coder, 4 M.J. 91, 91 (C.M.A.1977) (summary disposition) (reversing'the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence) (Cook, J., dissenting).
• United States v. Adams, 4 M.J. 91, 91 (C.M.A.1977) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing reassessment of the sentence).
• United States v. Vick, 4 M.J. 235, 236 (C.A.A.F.1978) (reversing the decision below as to additional Charge II and authorizing sentence reconsideration).
• United States v. Ludlow, 5 M.J. 411, 412 (C.M.A.1978) (reversing the court below, setting aside the sentence imposed, and authorizing a rehearing on the sentence) (Fletcher, C.J., dissenting).
• United States v. Scott, 5 M.J. 431, 433 (C.M.A.1978) (setting aside sentence and authorizing a rehearing thereon) (Perry, J., concurring) (Cook, J., dissenting).
• United States v. Webb, 6 M.J. 85, 85 (C.M.A.1978) (reversing the court below as to sentence and authorizing a rehearing thereon).
• United States v. Bowman, 7 M.J. 260, 260 (C.M.A.1979) (summary disposition) (setting aside the findings of guilty as to certain specifications and dismissing the same and returning the record for reassessment of sentence based on remaining findings of guilty) (Cook, J., dissenting).
• United States v. Swalley, 7 M.J. 261, 261 (C.A.A.F.1979) (summary disposition) (setting aside the findings of guilty as to certain specifications and dismissing the same and returning the record for reassessment of sentence based on remaining findings of guilty) (Cook, J., dissenting).
• United States v. Fisher, 21 M.J. 327, 329 (C.M.A.1986) (reversing decision of the Court of Military Review and returning for reassessment of sentence) (Everett, C.J., concurring).
• United States v. Silva, 21 M.J. 336, 337 (C.M.A.1986) (setting aside decision below *348 as to sentence and authorizing review thereof) (Everett, C.J., concurring in the result).
• United States v. Bass, 22 M.J. 113, 113 (C.M.A.1986) (summary disposition) (reversing the decision below as to sentence and authorizing a sentence rehearing in the event appellate defense counsel so requests within twenty days of the order).
• United States v. Murphy, 22 M.J. 113, 113 (C.M.A.1986) (summary disposition) (reversing the decision below as to sentence and authorizing a sentence rehearing in the event appellate defense counsel so requests within twenty days of the order).
• United States v. Cozart, 22 M.J. 113, 113 (C.M.A.1986) (summary disposition) (reversing the decision below as to sentence and authorizing a sentence rehearing in the event appellate defense counsel so requests within twenty days of the order),
• United States v. Sales, 22 M.J. 305, 307 (C.M.A.1986) (reaffirming the authority of the Court of Military Review to authorize a rehearing on sentence) (Cox, J., and Sullivan, J., concurring), discussed in United States v. Abilar, 2001 CCA LEXIS 266, at *11—*12, 2001 WL 1345657, at *4 (A.F.Ct.Crim.App. Oct. 31, 2001) (explaining this authority is no longer limited to instances in which the court is unable “to reliably determine what sentence would have been imposed at the trial level if the error had not occurred”) (internal quotation marks and citation omitted).
• United States v. Kinman, 25 M.J. 99, 102 (C.M.A.1987) (reversing the decision below as to sentence and authorizing a rehearing thereon) (Sullivan, J., concurring) (Cox, J., dissenting).
• United States v. Caraballo, 26 M.J. 216, 216 (C.M.A.1988) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing sentence rehearing based on remaining guilty findings) (Cox, J., dissenting).
• United States v. Deguzman, 26 M.J. 216, 216 (C.M.A.1988) (summary disposition) (reversing the decision below as to certain specifications, dismissing those specifications, and authorizing sentence rehearing based on remaining guilty findings) (Cox, J., concurring in part and dissenting in part).
• United States v. Mullens, 27 M.J. 398, 398 (C.M.A.1988) (summary disposition) (authorizing the sentence to be set aside and a sentence rehearing to be held if facts proved inadmissible and prejudicial error was found).
• United States v. English, 27 M.J. 398, 398 (C.M.A.1988) (setting aside the findings as to Charge I, dismissing Charge I, and authorizing reassessment of sentence based on the remaining guilty findings).
• United States v. Kirk, 31 M.J. 84, 90 (C.M.A.1990) (reversing the decision below as to sentence and authorizing a rehearing thereon) (Everett, C.J., and Cox, J., concurring).
• United States v. Hadlick, 31 M.J. 413, 413 (C.M.A.1990) (summary disposition) (affirming the findings below but setting aside the sentence and authorizing a rehearing thereon).
• United States v. Pompey, 33 M. J. 266, 267, 271 (C.M.A.1991) (affirming the decision below to set aside the sentence and authorize a rehearing thereon or, in the alternative, authorizing a sentence of no punishment) (Sullivan, C.J., and Cox, J., concurring).
• United States v. Martinez, 40 M.J. 82, 84 (C.M.A.1994) (reversing the decision below as to sentence and authorizing a reheating thereon) (Cox, J., Gierke, J., and Wiss, J., concurring) (Crawford, J., concurring in result).
• United States v. Boone, 49 M.J. 187, 194 (C.A.A.F.1998) (reaffirming the Court of Criminal Appeals’ authority to order a rehearing on sentence) (Cox, C.J., Crawford, J., Gierke, J., and Effron, J., concurring).
• United States v. Murphy, 50 M.J. 4, 16 (C.A.A.F.1998) (setting aside the decision below, remanding the ease to the CCA to review new evidence, and authorizing a re *349 hearing as to death sentence) (Sullivan, J., and Crawford, J., dissenting).
• United States v. Harris, 53 M.J. 86, 88 (C.A.A.F.2000) (affirming the decision below as to findings but reversing as to sentence and authorizing a sentence, rehearing) (Gierke, J., joined by Crawford, C.J., concurring in the result).
• United States v. Washington, 55 M.J. 441, 443 (C.A.A.F.2001) (affirming the court below as to findings but reversing as to sentence and authorizing a rehearing as to sentence) (Crawford, C.J., dissenting).
• United States v. Sills, 56 M.J. 239, 239 (C.A.A.F.2002) (per curiam) (discussing the distinction between U.S. Supreme Court precedent indicating that the Court of Criminal Appeals is without authority to order a rehearing on sentence, and that of the U.S. Court of Appeals for the Armed Forces, holding that such courts indeed have the power to authorize rehearings as to sentence).
• United States v. Miles, 58 M.J. 192, 195 (C.A.A.F.2003) (affirming the findings but reversing the decision below as to sentence and authorizing a sentence rehearing) (Crawford, C.J., dissenting).
• United States v. Moffeit, 60 M.J. 348, 348 (C.A.A.F.2004) (setting aside the findings of guilt, remanding the case and authorizing a sentence rehearing based on the remaining offense), discussed by United States v. Moffeit, 63 M.J. 40, 41 (C.A.A.F.2006).
• United States v. Baier, 60 M.J. 382, 385 (C.A.A.F.2005) (setting aside the decision below as to sentence and authorizing a sentence rehearing).
• United States v. Quintanilla, 63 M.J. 29, 30-31 (C.A.A.F.2006) (affirming the decision below to set aside the sentence and authorizing a rehearing thereon).
• United States v. Davis, 63 M.J. 171, 175-76 (C.A.A.F.2006) (explaining the jurisdictional rules allowing for sentence rehearings).
• United States v. Humphries, 71 M.J. 209, 211 (C.A.A.F.2012) (dismissing the finding of guilty as to certain charges, remanding the case for reassessment, and authorizing a rehearing on the sentence, if necessary).
• United States v. Gaskins, 72 M.J. 225, 231 (C.A.A.F.2013) (reaffirming the power of an appellate body to authorize a rehearing on sentence) (Stucky, J., concurring in part and in the result) (Baker, C.J., concurring in part and dissenting in part).
• United States v. Winckelmann, 73 M.J. 11, 14 (C.A.A.F.2013) (reviewing the U.S. Court of Appeals for the Armed Forces precedent giving appellate bodies power to authorize a sentence rehearing as compared to the U.S. Supreme Court precedent that holds to the contrary).

. Furthermore, the majority’s horizontal stare decisis discussion is flawed. The majority asserts that a rehearing on sentence alone is not unworkable. Quick, 74 M.J. at 336. But we are bound by the Supreme Court’s specific holding to the contrary. Jackson, 353 U.S. at 579-80, 77 S.Ct. 1027. Moreover, anyone who has participated in a sentence rehearing will confirm the accuracy of the Supreme Court's characterization of the practice.

. See United States v. Winckelmann, 73 M.J. 11, 16 (C.A.A.F.2013) (Stucky, J., concurring in the result); id. at 17 (Ryan, J., concurring in the result).

. Parenthetically, since the Supreme Court in Jackson was construing the Article 66, UCMJ, powers of the boards of review, I fail to see the relevance of an extended disquisition on rehearing practice under the Articles of War. One might think that the Supreme Court's interpretation of a then-recent statute would be a more compelling analysis.