# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND, and ALMANZA[1]
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant GILBERTO A. RODRIGUEZ**
**United States Army, Appellant**

ARMY 20140380

Headquarters, United States Army South
Patricia Lewis, Military Judge
Lieutenant Colonel Daniel P. Saumur, Staff Judge Advocate

For Appellant:  Major Andres Vazquez, Jr., JA; Lieutenant Colonel Charles C. Choi, JA.

For Appellee:  Major A.G. Courie III, JA.

28 September 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of sexual assault of a child, sexual abuse of a child, assault consummated by a battery, and solicitation, in violation of Articles 120b, 128, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 920b, 928, and 934 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, eight years of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a dishonorable discharge, five years of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1.[2]

---

[1] Judge ALMANZA took final action in this case while on active duty.

[2] The action and promulgating order do not reflect that appellant was awarded ninety days of confinement credit.  Accordingly, to the extent appellant has not already received this credit, appellant shall be credited with ninety days of confinement credit.

Appellant's case is now before this court pursuant to Article 66, UCMJ. Appellant submitted a merits pleading, personally raising several matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). They lack merit. However, we have identified two issues warranting brief discussion and relief.

*Solicitation – Providence Inquiry*

Appellant entered a plea of guilty to Specification 3 of Additional Charge VI, in which he was charged with soliciting a civilian police officer (DC) to wrongfully receive stolen military property. The military judge explained the elements of the offense, including that "at the time [DC] received the property he knew that it was stolen . . . ." This advice was correct, because for a solicitation conviction to stand, the "solicitor's request [must] be such that the solicitee know that the act requested of him is part of a criminal venture." *United States v. Higgins*, 40 M.J. 67, 68 (C.M.A. 1994) (citing *United States v. Oakley*, 7 U.S.C.M.A. 733, 735, 23 C.M.R. 197, 199 (1957)).

Regarding this specification, appellant explained to the military judge that he responded to an advertisement for a motorcycle by offering to trade night vision goggles. Appellant told the military judge he did not actually own any such goggles; instead, he intended to unlawfully procure them from an Army source if DC was willing to exchange. The military judge did not ask and appellant did not indicate whether he shared his criminal plan with DC, nor did appellant otherwise tell the military judge that DC knew appellant sought his participation in a criminal scheme. We acknowledge that the evidence to which appellant stipulated included his confirmation to DC that the goggles were "military grade" and his message, "let me know wat u need i have alot of army stuff." We also recognize the probative nature of these communications. However, this evidence does not supplant the requirement—unmet here—that appellant's providence inquiry include his admission to every element of the crime. *United States v. Simmons*, 63 M.J. 89, 92 (C.A.A.F. 2006).

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45(a); Rule for Courts-Martial 910(e). Considering the deficiencies in the providence inquiry, a substantial basis exists here.

2

RODRIGUEZ – ARMY 20140380

*Sexual Abuse of a Child – Providence Inquiry*

Appellant entered a plea of guilty by exceptions and substitutions to Specification 1 of Additional Charge III, in which he was charged with sexually abusing a child by sending her lewd text messages. Among the many lewd messages enumerated in the specification, appellant was charged with asking "'have u ever done it in the butt,' or words to that effect . . . ." The military judge found appellant guilty of communicating all of the charged phrases. However, the military judge did not ask about and appellant did not address the specific phrase mentioned above during the providence inquiry. Therefore, a substantial basis in fact exists to question the providency of appellant's plea of guilty to this repugnant phrase.

## CONCLUSION

The finding of guilty of Specification 3 of Additional Charge VI is set aside and that specification is DISMISSED.

We affirm so much of the finding of guilty of Specification 1 of Additional Charge III as provides:

> In that Sergeant Gilberto Rodriguez, U.S. Army, did, in Texas, between on or about 1 October 2012 and 1 December 2012, commit a lewd act upon Ms. E.E., a child who had not attained the age of 16 years, to wit: asked her by text message "have u ever got eaten out before by a guy" or words to that effect; "U want to fuck" or words to that effect, and "U want me to eat that pussy" or words to that effect, "I want to eat ur pussy so bad n then lay u on the bed n put my dick in ur mouth then I'm gonna fuck that pussy so good then I'm gonna bend u over n put it in ur butt do us want to try" or words to that effect, "U won't mind if I cum in ur mouth," or words to that effect, "I want u to ride my dick wat position u like," or words to that effect, "Have u ever got eaten out before by a guy," or words to that effect, "so did u like me being inside of u," or words to that effect, "Did u swallow or did u spit it out," or words to that effect.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we are confident that absent these errors appellant would have received a sentence at least as severe as the approved sentence of a dishonorable

RODRIGUEZ – ARMY 20140380

discharge, five years of confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. The approved sentence is AFFIRMED; appellant shall be credited with ninety days of confinement. All rights, privileges, and property of which appellant has been deprived by virtue of that portion of the findings set aside by our decision are ordered restored.

Senior Judge HAIGHT and Judge ALMANZA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court